HERBERT LEVY AND MIRIAM N. LEVY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
BERT KRONEN AND RITA KRONEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5274–64, 5275–64. Filed July 29, 1966.

*Jesse Fishkin,* for petitioners.
*Marie Garibaldi* and *Irving Bell,* for respondent.

OPINION

ATKINS, *Judge:* The respondent determined income tax deficiencies of $1,555.74 and $516.68 against petitioners Herbert Levy and Miriam N. Levy for the taxable years 1958 and 1959, respectively, and a deficiency of $1,150.81 against petitioners Bert Kronen and Rita Kronen for the taxable year 1958. The issue is whether the petitioners are entitled to deduct in their individual returns, pursuant to section 1374 of the Internal Revenue Code of 1954, any part of a net operating loss sustained by their wholly owned corporation in its taxable year ended February 28, 1959. This depends upon whether the corporation made a valid election under section 1372 of the Code not to be subject to the taxes imposed by chapter 1 of the Code, and also upon the adjusted basis of their stock and the adjusted

basis of any indebtedness of the corporation to them, at the close of the corporation's taxable year.

All of the facts were stipulated and the stipulations are incorporated herein by this reference.

The petitioners Herbert and Miriam N. Levy, husband and wife, and the petitioners Bert and Rita Kronen, husband and wife, are residents of Long Island, N.Y., and filed joint Federal income tax returns for the taxable years in question with the district director of internal revenue, Brooklyn, N.Y. Miriam N. Levy and Rita Kronen are parties herein solely by reason of having filed joint income tax returns with their respective husbands, and Herbert Levy and Bert Kronen will hereinafter be referred to as the petitioners.

At all times in 1958 and 1959 the petitioners each owned 50 percent of the outstanding common stock (the only authorized class of stock) of Andrea Manufacturing Corp. (hereinafter referred to as the corporation), a domestic corporation organized in 1952 under the laws of the State of New York. The petitioners each had a cost basis in his stock of the corporation of $14,600.

The corporation's annual accounting period was a fiscal year ending February 28, and it filed its income tax returns on the basis of such a fiscal year.

On October 14, 1958, the corporation had a deficit of $78,511.42. On October 24, 1958, three of its creditors filed against it in the U.S. District Court for the Eastern District of New York an involuntary bankruptcy petition, and on the same day the court appointed a receiver to take charge of all its property. After October 24, 1958, the corporation carried on no business operations. On October 30, 1958, the District Court ordered the appointment of an appraiser and the immediate sale of the corporate assets. On October 31, 1958, the corporation was adjudicated a bankrupt. On November 25, 1958, its physical assets were sold. On December 1, 1958, the District Court appointed a trustee of the estate of the corporation.

On December 2, 1958, the district director of internal revenue, Brooklyn, N.Y., received a Form 2553, "Election by Small Business Corporation," which was dated December 1, 1958, and which was executed on behalf of the corporation by the petitioner Kronen, as president. On the same date the district director received consents, dated December 1, 1958, of the petitioners as the shareholders, to such election.

On December 14, 1958, the corporation owed petitioner Kronen $158.78 and owed petitioner Levy $2,621.59.

The last income tax return filed on behalf of the corporation was filed by the trustee in bankruptcy for the period March 1, 1958, through

October 14, 1958.[1]   The filing for the short period was improper since the corporation's taxable year did not end until February 28, 1959. No small business corporation return (Form 1120–S) was ever filed by or on behalf of the corporation.

For its taxable year ended February 28, 1959, the corporation incurred a net operating loss in excess of $58,000.   No part of its gross receipts for such year was derived from sources outside the United States, nor was any portion derived from royalties, rents, dividends, interest, annuities, or sales or exchanges of stock or securities. The net operating loss could not be carried back and utilized by the corporation as a net operating loss deduction for prior years because it had incurred net operating losses for such prior years.   No claim for refund was ever filed by the trustee in bankruptcy by or on behalf of the corporation as a result of such net operating loss.

On November 1, 1961, the uncollected accounts receivable of the corporation were sold for $850.   On December 16, 1963, the District Court approved the accounting of the estate, discharged the trustee, and closed the estate.   The trustee's accounting, which was approved by the District Court, did not assert any right to a refund of any Federal income taxes for any of the taxable years prior to the taxable year ended February 28, 1959.

During the years 1958 through 1963 the corporation did not file a certificate of dissolution with the secretary of state of the State of New York nor did such secretary issue any proclamation dissolving the corporation.   Nor during such period was any proceeding instituted under the statutes of New York to dissolve the corporation, or to cause a distribution of its assets to creditors.

In his return for the taxable year 1958 the petitioner Levy claimed a deduction of $2,783.52 which was described in the return as "1120 S—Andrea Mfg. Corp."   In such return he also claimed a long-term capital loss of $12,216.48 on account of his stock in the corporation and a long-term capital loss of $2,621.59 on account of a loan to the corporation, the explanation for both items being "Andrea Mfg. Corp.—Bankrupt 10/15/58."

In the notice of deficiency the respondent did not disallow the long-term capital losses of $12,216.48 and $2,621.59 claimed for 1958, but did disallow in full the claimed loss of $2,783.52 with the following explanation:

A loss of $2,783.52, claimed in your return for 1958 with respect to "1120–S–Andrea Manufacturing Corporation" has been disallowed for lack of substantiation and for the further reason that it is not allowable under any provision of the Internal Revenue Code of 1954.

---

[1] The balance sheet set forth in such return showed assets as of Oct. 14, 1958, in the amount of about $80,000, which included notes and accounts receivable of $23,848.20, and liabilities of about $109,000.

In determining the deficiency against the petitioner Levy for the taxable year 1959, the respondent made a number of adjustments, none of which are in issue. In his return for the taxable year 1959 the petitioner Levy reported taxable income of $4,641.06. Therein he did not claim as a deduction any portion of the net operating loss sustained by the corporation for its taxable year ended February 28, 1959. However, in his petition he made claim for a deduction for his taxable year 1959 of an amount of $17,262.59 as his share of such net operating loss (limited to his claimed adjusted basis of $15,000 for the stock of the corporation and his claimed adjusted basis of $2,262.59 for a loan to the corporation). In such petition he also made claim for the right to carryback and deduct for his taxable year 1958 an amount of $6,627.39 as a net operating loss sustained by him in his taxable year 1959. In such petition he claims, alternatively, that his stock in the corporation became worthless in the taxable year 1959 and that there- fore he is entitled to a long-term capital loss for that year in the amount of $15,000, and that he is entitled to a bad debt deduction of $2,262.59 for that year. Therein he made claim for an overpayment in tax for the taxable year 1959.

In his return for the taxable year 1958 the petitioner Kronen claimed a deduction of $2,783.52, which was described in the return as "1120 S— loss—Andrea Mfg. Corp." In such return he claimed a long-term capital loss of $12,375.22 with the explanation "Andrea Mfg. Corp. (Bankrupt—Oct. 1958)."

In the notice of deficiency the respondent did not disallow the long- term capital loss of $12,375.22 claimed for 1958, but did disallow in full the claimed loss of $2,783.52 with the same explanation as in the case of the petitioner Levy.

In his petition the petitioner Kronen made claim for the right to carryback and deduct for his taxable year 1958 an amount of $6,558.82 as a net operating loss sustained by him in his taxable year 1959. The taxable year 1959 is not before us, except as it may be necessary to consider the tax liability for that year in connection with a net operating loss carryback therefrom. In his return for the tax- able year 1959 the petitioner Kronen reported taxable income of $1,839.97. Therein he did not claim as a deduction any portion of the net operating loss sustained by the corporation for its taxable year ended February 28, 1959. However, in his petition he asserts that he was entitled to deduct for his taxable year 1959 an amount of $15,158.78 as his share of such net operating loss (limited to his claimed adjusted basis of $15,000 for the stock of the corporation and his claimed adjusted basis of $158.78 for a loan to the corporation). In such petition he claims, alternatively, that his stock in the corpora- tion became worthless in the taxable year 1959 and that therefore he

is entitled to deduct a loss for that year in the amount of $15,000, and that he is entitled to a bad debt deduction of $158.78 for that year.

There are set forth in the margin pertinent provisions of subchapter S of the Internal Revenue Code of 1954.[2]

---

[2] SEC. 1371. DEFINITIONS.

(a) SMALL BUSINESS CORPORATION.—For purposes of this subchapter, the term "small business corporation" means a domestic corporation which is not a member of an affiliated group (as defined in section 1504) and which does not—

    (1) have more than 10 shareholders;

    (2) have as a shareholder a person (other than an estate) who is not an individual;

    (3) have a nonresident alien as a shareholder; and

    (4) have more than one class of stock.

SEC. 1372. ELECTION BY SMALL BUSINESS CORPORATION.

(a) ELIGIBILITY.—Except as provided in subsection (f), any small business corporation may elect, in accordance with the provisions of this section, not to be subject to the taxes imposed by this chapter. Such election shall be valid only if all persons who are shareholders in such corporation—

    \*      \*      \*      \*      \*      \*      \*

consent to such election.

(b) EFFECT.—If a small business corporation makes an election under subsection (a), then—

    \*      \*      \*      \*      \*      \*      \*

    (2) with respect to the taxable years of a shareholder of such corporation in which or with which the taxable years of the corporation for which such election is in effect end, the provisions of sections 1373, 1374, and 1375 shall apply to such shareholder \* \* \*

(c) WHERE AND HOW MADE.—

    (1) IN GENERAL.—\* \* \*

Such election shall be made in such manner as the Secretary or his delegate shall prescribe by regulations.

    (2) TAXABLE YEARS BEGINNING BEFORE DATE OF ENACTMENT.—An election may be made under subsection (a) by a small business corporation for its first taxable year which begins after December 31, 1957, and on or before the date of the enactment of this subchapter, and ends after such date at any time—

        (A) within the 90-day period beginning on the day after the date of the enactment of this subchapter \* \* \*

SEC. 1373. CORPORATION UNDISTRIBUTED TAXABLE INCOME TAXED TO SHAREHOLDERS.

(a) GENERAL RULE.—The undistributed taxable income of an electing small business corporation for any taxable year shall be included in the gross income of the shareholders of such corporation in the manner and to the extent set forth in this section.

SEC. 1374. CORPORATION NET OPERATING LOSS ALLOWED TO SHAREHOLDERS.

(a) GENERAL RULE.—A net operating loss of an electing small business corporation for any taxable year shall be allowed as a deduction from gross income of the shareholders of such corporation in the manner and to the extent set forth in this section.

(b) ALLOWANCE OF DEDUCTION.—Each person who is a shareholder of an electing small business corporation at any time during a taxable year of the corporation in which it has a net operating loss shall be allowed as a deduction from gross income, for his taxable year in which or with which the taxable year of the corporation ends (or for the final taxable year of a shareholder who dies before the end of the corporation's taxable year), an amount equal to his portion of the corporation's net operating loss (as determined under subsection (c)).

(c) DETERMINATION OF SHAREHOLDER'S PORTION—

    (1) IN GENERAL.—For purposes of this section, a shareholder's portion of the net operating loss of an electing small business corporation is his pro rata share of the corporation's net operating loss \* \* \* for his taxable year in which or with which the taxable year of the corporation ends. \* \* \*

    (2) LIMITATION.—A shareholder's portion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of—

        (A) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of the shareholder's stock in the electing small business corporation, determined as of the close of the taxable year of the corporation (or, in respect of stock sold or otherwise disposed of during such taxable year, as of the day before the day of such sale or other disposition), and

        (B) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of any indebtedness of the corporation to the shareholder,

The record shows, and the respondent makes no contention to the contrary, that the corporation qualifies as a "small business corporation" within the meaning of section 1371(a) of the Code. The parties have stipulated the amount of the net operating loss sustained by the corporation in the taxable year ended February 28, 1959, and the petitioners' cost bases of their stock in the corporation and of their loans to the corporation. However, it is the contention of the respondent that the petitioners are not entitled to the benefit of any portion of the net operating loss of the corporation for two reasons: (1) The purported election made on behalf of the corporation under section 1372 was ineffective because it was not executed by the fiduciary appointed by the bankruptcy court; [3] and (2) even if there was a valid election the limitation of section 1374(c)(2) would preclude any benefit to them, since the petitioners' stock and loans had become worthless, resulting in an adjusted basis of zero therefor as of the close of the corporation's taxable year ended February 28, 1959.

Section 1372(c) of the Code vests in the Secretary of the Treasury or his delegate the authority and duty to promulgate regulations prescribing the manner in which the election under subchapter S shall be made. Pursuant to that authorization, section 1.1372–2(a)[4] of the Income Tax Regulations provides that the election form is to be signed by any person who is authorized to sign the return required by section 6037 to be filed by an electing small business corporation.

---

determined as of the close of the taxable year of the corporation (or, if the shareholder is not a shareholder as of the close of such taxable year, as of the close of the last day in such taxable year on which the shareholder was a shareholder in the corporation).

(d) APPLICATION WITH OTHER PROVISIONS.—

(1) IN GENERAL.—The deduction allowed by subsection (b) shall, for purposes of this chapter, be considered as a deduction attributable to a trade or business carried on by the shareholder.

SEC. 1376. ADJUSTMENT TO BASIS OF STOCK OF, AND INDEBTEDNESS OWING, SHAREHOLDERS.

(b) REDUCTION IN BASIS OF STOCK AND INDEBTEDNESS FOR SHAREHOLDER'S PORTION OF CORPORATION NET OPERATING LOSS.—

(1) REDUCTION IN BASIS OF STOCK.—The basis of a shareholder's stock in an electing small business corporation shall be reduced (but not below zero) by an amount equal to the amount of his portion of the corporation's net operating loss for any taxable year attributable to such stock (as determined under section 1374(c)).

(2) REDUCTION IN BASIS OF INDEBTEDNESS.—The basis of any indebtedness of an electing small business corporation to a shareholder of such corporation shall be reduced (but not below zero) by an amount equal to the amount of the shareholder's portion of the corporation's net operating loss for any taxable year (as determined under section 1374(c)), but only to the extent that such amount exceeds the adjusted basis of the stock of such corporation held by the shareholder.

[3] The purported election in this case was not received in the district director's office until Dec. 2, 1958, which was 1 day after the expiration of the time provided by sec. 1372(c)(2) for the filing of such an election. See sec. 1.1372–2(b)(2), Income Tax Regs. However, on brief the respondent specifically states that he does not contend that the purported election was not timely filed, and in connection therewith refers to sec. 7502 of the Code which provides that in some instances the mailing date may be considered the delivery date.

[4] Sec. 1.1372–2(a) of the regulations provides in part: "The election form shall be signed by any person who is authorized to sign the return required under section 6037."

Section 1.6037–1(a) of such regulations provides that the person to sign the return of the corporation is to be determined in accordance with section 6062 of the Code. Section 6062 of the Code provides that in the case of a return made for a corporation by a fiduciary pursuant to the provisions of section 6012(b)(3) such fiduciary shall sign the return. Section 6012(b)(3) of the Code[5] provides that where a receiver or trustee in bankruptcy has possession of or holds title to all or substantially all of the property or business of a corporation, such receiver or trustee shall make the return of income for such corporation.

It has been stipulated that on October 24, 1958, the District Court appointed a receiver to take charge of all the property of the corporation and that on December 1, 1958, such court appointed a trustee of the corporation's estate. Thus, under the regulations, it was only the receiver or trustee who was authorized to sign the election of the corporation under section 1372 of the Code. Since neither of them signed it we are forced to the conclusion that such purported election was ineffective.

We have given careful consideration to the various contentions of the petitioners, including their argument that the corporate officers of a bankrupt corporation may still function as such so long as they do not interfere with or impede the administration of the bankrupt estate; that the election filed on behalf of the corporation by the petitioner Kronen as president did not interfere with the administration of the estate; and that it should therefore be concluded that the election filed was valid. However, in view of the specific provisions of the statute and regulations, we cannot accept these general contentions as governing. Treasury regulations must be upheld unless unreasonable or plainly inconsistent with the statute. *Commissioner* v. *South Texas Lumber Co.*, 333 U.S. 496; *Ackerman* v. *United States*, (C.A. 10) 318 F. 2d 402; *Van Products, Inc.*, 40 T.C. 1018; and *Noble Motor Co.* v. *United States*, (D. Md.) 231 F. Supp. 702. We do not view the regulation in question as unreasonable and it is not plainly inconsistent with the statutory authorization therefor. Accordingly, we conclude that the election made herein was ineffective.

Moreover, even if it be assumed, arguendo, that a valid election was made, we are of the opinion that the respondent's determination must be upheld, in view of the limitation contained in section 1374(c)(2)

---

[5] Sec. 6012(b)(3) provides:

RECEIVERS, TRUSTEES AND ASSIGNEES FOR CORPORATIONS.—In a case where a receiver, trustee in bankruptcy, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns.

of the Code. That section provides that a shareholder's portion of the net operating loss of an electing small business corporation may not exceed the sum of the adjusted bases, determined as of the close of the corporation's taxable year, of his stock and any indebtedness of the corporation to him.

Section 1016(a) (1) of the Code provides that proper adjustment in respect of property shall in all cases be made for losses or other items properly chargeable to capital account. See also sec. 1.1016–6, Income Tax Regs. The respondent contends that the stock and debts became completely worthless during the petitioners' taxable year 1958, and that hence the adjusted basis of each was zero at February 28, 1959, the end of the corporation's taxable year. Such evidence as we have supports the view that worthlessness occurred in 1958. On October 31, 1958, the corporation was adjudicated a bankrupt and ceased business. Its liabilities greatly exceeded its assets. On November 25, 1958, its physical assets were sold. See *Boehm* v. *Commissioner*, 326 U.S. 287. In any event the petitioners have not shown that worthlessness did not occur in 1958. *Welch* v. *Helvering*, 290 U.S. 111. Indeed, in their returns for the taxable year 1958 the petitioners treated the stock and the loans as having become worthless in 1958 (noting as the reason therefor the bankruptcy of the corporation in October 1958) and claimed capital losses on account thereof.[6] The respondent allowed these claimed losses.

The petitioners' principal contention is that section 1376(b) of the Code requires that the net operating loss of the corporation be first allowed to them as a deduction for 1959 and that the bases of their stock and loans be adjusted on account thereof before determining the amount to be allowed as a deduction on account of the worthlessness of the stock and debts. This contention of the petitioners is, we think, clearly contrary to the plain meaning of the statute. Section 1374(c) (2) specifically provides that a shareholder's portion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of the adjusted bases, determined as of the close of the corporation's taxable year, of the shareholder's stock and the indebtedness of the corporation to him. As pointed out above the petitioners have not shown that the stock and indebtedness did not become worthless in the taxable year 1958 with the consequence that the adjusted bases thereof would be zero at February 28, 1959.

In view of the foregoing, we agree with the respondent that the petitioners are not entitled to deduct for their taxable year 1959 any portion of the net operating loss of the corporation for its taxable year

---

[6] It may be added in passing that petitioners make no contention that any losses incurred on the stock or indebtedness are deductible as ordinary losses rather than capital losses. See secs. 165(g) (1) and 166(d), 1954 Code.

ended February 28, 1959. It follows from what has been said above that the petitioners have not established that they individually had net operating losses for their taxable year 1959 for purposes of a carryback to their taxable year 1958.

*Decisions will be entered for the respondent.*