JOSEPH W. FELDMAN AND GEORGIE L. FELDMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5139–64.   Filed December 27, 1966.

*Arthur S. O'Neill, Jr.*, and *Joseph W. Price 3d*, for the petitioners.
*Albert Squire* and *Giles J. McCarthy*, for the respondent.

ARUNDELL, *Judge:* Respondent determined deficiencies in income tax for the calendar years 1958 through 1962 and an addition to the tax under section 6651(a), I.R.C. 1954, for 1961 for failure to file the 1961 return on the date prescribed therefor, in amounts as follows:

| Calendar year | Deficiency | Addition |
|---|---|---|
| 1958 | $4, 004. 17 | |
| 1959 | 3, 348. 49 | |
| 1960 | 5, 447. 18 | |
| 1961 | 6, 002. 59 | $298. 58 |
| 1962 | 484. 24 | |

Respondent concedes that there is no addition to the tax due from the petitioners for the taxable year 1961, under the provisions of section 6651(a) of the Internal Revenue Code of 1954.

The issues to be decided are:

(1) Did Feldman Furniture Co., Inc., file a timely election to qualify as a subchapter S corporation for the taxable year 1961 under section 1372(c)(1), I.R.C. 1954, so as to entitle its sole stockholder (petitioner Joseph W. Feldman) to deduct the corporation's net operating losses?

(2) If the purported election for the taxable year 1961 is held to be untimely for 1961, can the same purported election be held to be timely for the taxable year 1962?

(Note: The years 1958, 1959, and 1960 are involved only because of claimed net operating loss carrybacks from 1961 and 1962.)

All the facts are stipulated.

Petitioners, husband and wife, resided at all revelant times at 111 Glenburn Avenue, Cambridge, Md. They filed joint income tax returns for calendar years in accordance with the cash receipts and disbursements method of accounting. The returns for the taxable years involved were filed with the district director of internal revenue for the district of Baltimore at Baltimore, Md.

Feldman Furniture Co., Inc., hereinafter referred to as the corporation, was a corporation engaged in the retail furniture business in Cambridge, Md. It was incorporated in 1946 under the laws of the State of Maryland. It filed income tax returns for taxable years beginning October 1 and ending September 30 with the district director of internal revenue, for the district of Baltimore, at Baltimore, Md. For the taxable year ended September 30, 1960, and prior taxable years, it filed returns on Form 1120. For the taxable years ended September 30, 1961, and September 30, 1962, it filed returns

on Form 1120–S, the return form for certain small business corporations described in subchapter S[1] of the 1954 Code. On the Form 1120–S for the year ended September 30, 1961, the corporation claimed a net operating loss of $106,456.53. On the Form 1120–S for the year ended September 30, 1962, the corporation claimed a net operating loss of $35,411.40.

At all revelant times petitioner Joseph W. Feldman, hereinafter referred to as the petitioner, owned all of the issued and outstanding capital stock of the corporation.

On November 2, 1960, the district director of internal revenue, Baltimore, received by U.S. mail a Form 2553, "Election by Small Business Corporation," in the name of the corporation, signed by petitioner as president, together with a statement of shareholder consent. The date of the U.S. postmark stamped on the envelope in which the Form 2553 was mailed to the district director is November 1, 1960, 3 a.m.

The envelope containing the Form 2553 had been mailed to the district director, Baltimore, by an employee of the corporation's public accountants. He had deposited it in a mail slot located inside the doors of the U.S. post office in Easton, Md., between 7 p.m. and 9 p.m. on October 31, 1960. In accordance with normal procedure for mail deposited in the Easton post office after 7 p.m., the envelope containing the Form 2553 was not postmarked until 3 a.m. of the following day, November 1, 1960.

On the joint income tax return for the year 1961 petitioner claimed a deduction of $106,456.53, describing the deduction as: "Loss—1120–S Corp.—Feldman Furniture Co. Inc.—Cambridge, Md."

On the joint income tax return for the year 1962, petitioner claimed a deduction of $10,000, describing the deduction as: "Loss—1120S—Feldman Furniture Co., Inc., Cambridge, Md. (Estimated)." (The Form 1120–S filed on behalf of the corporation for the taxable year ended Sept. 30, 1962, was not filed until Aug. 2, 1963, which was after petitioners had filed their joint income tax return for the year 1962.)

The parties agree that the net operating losses sustained by the corporation in the years ended September 30, 1961, and September 30, 1962, did not exceed $56,991.11 and $20,021.53, respectively.

As of September 30, 1962, petitioner's adjusted basis in the corporation's stock was $59,801.55, and in the corporation's indebtedness to him, it was $11,296.66.

On October 31, 1960, mail deposited in the mail slot inside the doors of the U.S. post office located at 30th and Market Streets,

---

[1] Added to the 1954 Code by sec. 64(a) of the Technical Amendments Act of 1958, Pub. L. 85–866, Sept. 2, 1958.

Philadelphia, Pa., as late as 9 p.m. would have been postmarked October 31, 1960.

The applicable provisions of the 1954 Code and the regulations thereunder are in the margin.[2]

Under these provisions of the Code and regulations, it is clear that the corporation's purported election to be treated as a small business corporation was not timely. The corporation's taxable year was its fiscal year ending September 30. Therefore, its election for its taxable year September 30, 1961, had to be made either during September or October 1960. October 31, 1960, was the last day it could be made. Sec. 1372(c)(1), *supra*. This section provided that the election "shall be made in such manner as the Secretary or his delegate shall prescribe by regulations." Section 1.1372–2(a) of the regulations provided that the election should be "made" by "filing Form 2553." Section 7502 of the Code provided when this "filing" would be considered "timely."

---

[2] SEC. 1372. ELECTION BY SMALL BUSINESS CORPORATION.

   (c) WHERE AND HOW MADE.—

      (1) IN GENERAL.—An election under subsection (a) may be made by a small business corporation for any taxable year at any time during the first month of such taxable year, or at any time during the month preceding such first month. Such election shall be made in such manner as the Secretary or his delegate shall prescribe by regulations.

Sec. 1.1372–2  Manner and time for making election and filing shareholders' consent.

   (a) *Manner of making election*. The election of a small business corporation should be made by the corporation by filing Form 2553, containing the information required by such form, and by filing, in the manner provided in § 1.1372–3, a statement of the consent of each shareholder of the corporation. The election form shall be signed by any person who is authorized to sign the return required under section 6037 and shall be filed with the district director with whom such return is to be filed.

   (b) *Time of making election*—(1) *Taxable years beginning on or after September 3, 1958*. For taxable years beginning on or after September 3, 1958, the election shall be filed either (i) during the first month of such taxable year, or (ii) during the month preceding such first month. * * *

   *         *         *         *         *         *         *

   (c) *Years for which election is effective.* * * * An election is effective for the entire taxable year of the corporation for which it is made and for all succeeding taxable years of the corporation, unless it is terminated with respect to any taxable year. Thus, the election has a continuing effect and need not be renewed annually, although annual returns of information must be filed under section 6037.

SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING.

   (a) GENERAL RULE.—If any claim, statement, or other document * * * required to be filed within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such claim, statement, or other document is required to be filed, the date of the United States postmark stamped on the cover in which such claim, statement, or other document is mailed shall be deemed to be the date of delivery. * * *

Sec. 301.7502–1  Timely mailing treated as timely filing.

   (c) Mailing requirements. * * *

   *         *         *         *         *         *         *

   (iii)(a) If the postmark on the envelope or wrapper is made by the United States Post Office, such postmark must bear a date on or before the last date, or the last day of the period, prescribed for filing the document. If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless of when the document is deposited in the mail. Accordingly, the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document * * *

This depended on the "date of the United States postmark stamped on the cover" in which the Form 2553 was mailed. The regulations under section 7502 provided that "If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless of when the document is deposited in the mail." The postmark in the instant case was 3 a.m., November 1, 1960. The filing, therefore, was untimely, notwithstanding the fact that the said Form 2553 had been deposited in a mail slot located inside the doors of the post office in Easton, Md., between 7 p.m. and 9 p.m. on October 31, 1960.

The situation here is substantially the same as the situation in *William Pestcoe*, 40 T.C. 195. The corporation in that case wanted to be treated as a small business corporation under subchapter S of the 1954 Code for the calendar years 1958 and 1959. The last day for making the election for 1958 was December 1, 1958, and for 1959 it was January 31, 1959. On November 14, 1958, the stockholders met and passed a resolution to elect to report the corporation's income as a small business corporation under subchapter S. The person who was to file the Form 2553 became ill and the form was not filed until February 27, 1959. In holding that the election was untimely for both years, we said:

Since Mercer did not file Form 2553 or any equivalent statement until February 27, 1959, it is apparent that this filing was too late to be a valid election for 1958 or 1959. The fact that the petitioners resolved to elect to be taxed as a small business corporation on November 14, 1958, was not an election but only an agreement to elect, and it certainly was not in compliance with the regulations which Congress specifically authorized the Commissioner to adopt. * * *

The petitioners point to many areas where the Internal Revenue Code provides for lenient treatment. Here, sections 1372(c)(1) and 1372(c)(2) are both demanding and explicit. There is no such provision for leniency with respect to the filing of elections under subchapter S.

It is true that the result may be harsh, but the Court cannot grant an extension in the face of such definite time limits. * * * The election is optional, but if a taxpayer wishes to take advantage of these provisions he must also comply with their requirements. * * * In any event, whatever the equities or the harsh results, we do not feel that we can grant an extension of time where the Congress has specifically set the time for the making of the election required by the Code if the privilege of special tax treatment is to be enjoyed by certain small business corporations. * * *

To the same effect is *J. William Frentz*, 44 T.C. 485, on appeal (C.A. 6), where the purported election was filed before the corporation was in fact incorporated; and *Simons* v. *United States*, 208 F. Supp. 744 (D. Conn. 1962), where Form 2553 was hand delivered 1 day after

the expiration of the period within which the election could be made. In that case the court, in its opinion, said:

The prescribed 90-day period expired on December 1, 1958. As noted above, the election for The Joseph Simons Company was filed on December 2, 1958. Plaintiffs argue that since § 7502 of the Internal Revenue Code (26 U.S.C.A. § 7502) would have allowed them a timely filing if the election had been postmarked December 1st, the Government is not harmed by the hand delivery on December 2nd which probably was received by the District Director earlier or as soon as an election mailed on December 1st.

*         *         *         *         *         *         *

It is conceded that the loss of these advantages is harsh on the plaintiffs. However, this Court cannot grant an extension of time where the Congress has specifically set out the time within which the election had to be made and filed. * * *

In the instant case petitioner also argued that the application of section 1372(c) (1) was nonuniform for the reason that had the letter containing Form 2553 been placed in a mail slot at the main Philadelphia, Pa., post office as late as 9 p.m. on October 31, 1960, it would have been postmarked the same day, whereas in Easton, Md., the post office rule was that such mail would be postmarked as 3 a.m. the following day. There is no merit in this argument.

Finally, petitioner argues that in any event, even if the purported election is held untimely for the fiscal year ending September 30, 1961, it must be held to be timely for the fiscal year ending September 30, 1962. It does not follow that this is true. The purported election was for the fiscal year ending September 30, 1961. If it had been timely filed for 1961, no election would have had to be made for 1962. See sec. 1.1372–2(c), Income Tax Regs., fn. 2. But the purported election for 1961 was not timely filed. Therefore, it is the same as if no election had been filed and section 1.1372(c) would not be operative. Since section 1.1372(c) was not operative, any election for 1962 would, under section 1372(c) (1), *supra*, have to be made during September 1961 or October 1961. No such election was made during those months for 1962. We must hold, therefore, that the corporation is not entitled to be treated as a small business corporation under subchapter S of the 1954 Code for either 1961 or 1962. This may seem to be a harsh holding for 1962 but, as was said in *William Pestcoe* and *Simons* v. *United States*, both *supra*, where Congress has specifically set out the procedure that must be followed in order for a corporation to obtain the benefits of subchapter S, and the corporation does not follow such procedure, the courts cannot supply what the taxpayer has failed to do.

Since the respondent has conceded the addition to the tax for 1961,

*Decision will be entered under Rule 50.*