Friend's Wine Cellars, Inc. v. Commissioner.
Friend's Wine Cellars, Inc. v. Commissioner
Docket No. 5459-70.
United States Tax Court
T.C. Memo 1972-149; 1972 Tax Ct. Memo LEXIS 108; 31 T.C.M. (CCH) 740; T.C.M. (RIA) 72149; July 10, 1972
Walter W. Burton, for the petitioner. Donald W. Mosser, for the respondent. 741 DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the years 1967 and 1968 in the amounts of $25,262.03 and $24,157.78, respectively. The primary issue for decision is whether the petitioner, part *109 of whose stock was held in trust, qualified as a small business corporation under section 1371(a), Internal Revenue Code of 1954, [1] during the years 1967 and 1968 so that the election it filed under section 1372 was valid. If the petitioner qualified as a small business corporation in 1967 and 1968, then we must decide whether the elections it filed for those years were valid. All of the facts have been stipulated and are found accordingly. The pertinent facts are set out below. Friend's Wine Cellars, Inc. (herein called petitioner) was incorporated under the laws of West Virginia on November 20, 1939. Its principal place of business was Charleston, West Virginia, when it filed its petition in this proceeding. In 1967 and 1968 the petitioner was engaged in the business of selling wine. On December 23, 1966, Augustine J. Signaigo and H. C. Nichols executed a "Declaration of Trust of Corporate Stock Held by Augustine J. Signaigo as Trustee for H. C. Nichols, Equitable Owner and Beneficiary." The declaration of trust between Signaigo *110 and Nichols contains certain provisions which relate to this case and which can be summarized as follows: (a) On December 23, 1966, Signaigo had in his possession two and one-half shares of common stock of the petitioner which represented a one-fourth interest of the petitioner. (b) The shares of stock were issued in Signaigo's name, as trustee, and were caused to be conveyed to him as trustee by Nichols. (c) The entire consideration for the acquisition of the stock was provided by Nichols. (d) Nichols was the equitable owner of the stock. (e) Signaigo was to receive 10 percent of the value of the stock as a commission for serving as trustee. (f) The stock was being held by Signaigo for the only proper use and benefit of Nichols, his heirs and assigns. (g) Upon the request of Nichols, Signaigo would execute and deliver the stock to Nichols or to anyone so directed by Nichols. Nichols provided the entire consideration for the two and one-half shares of petitioner's common stock that were issued in the name of Augustine J. Signaigo on December 19, 1966, and Nichols was beneficial owner of the stock during all of 1967 and 1968. On February 1, 1967, an Election by Small *111 Business Corporation, Form 2553 (hereinafter referred to as the election), was filed on behalf of the petitioner. The election was filed with the district director of internal revenue at Parkersburg, West Virginia. The election provided that there were 10 shares of stock issued and outstanding and that the election was to be effective for the taxable year beginning January 1967. Filed with the election were consents to the election executed by Walter W. Burton, Mary F. Lunter and Augustine J. Signaigo. And enclosed with the election was a letter from Mary F. Lunter, petitioner's secretary-treasurer, requesting an extension to file the consent of Alva W. Orndorff. Orndorff's consent to the election, dated February 4, 1967, was subsequently filed with the district director of Internal Revenue at Parkersburg. The election and consents contained the following information relating to the stock ownership of the petitioner: Date Shares
Name of Shareholder
Shares
Acquired
Alva W. Orndorff
2 1/2
Aug. 1, 1965
Mary F. Lunter
2 1/2
Dec. 19, 1966
Walter W. Burton
2 1/2
Dec. 19, 1966
Augustine J. Signaigo
2 1/2
Dec. 19, 1966
Petitioner's Federal income *112 tax return, Form 1120-S, for the taxable year ended December 31, 1967, was filed with the district director of internal revenue, Parkersburg, West Virginia, on January 31, 1968. On February 14, 1969, petitioner's second Election by Small Business Corporation was filed with the district director of internal revenue at Parkersburg. This provided that the election was to be effective 742 for the taxable year beginning January 1, 1968. The below-listed information was set forth on the second election and all the persons listed as shareholders consented to the second election by signing that document in the section designated "Shareholders' statement of consent": Date Shares
Name of Shareholder
Shares
Acquired
Henry C. Nichols
2 1/2
Apr. 19, 1968
Walter W. Burton
2 1/2
Jan. 1, 1967
Alva W. Orndorff
2 1/2
Jan. 1, 1967
Mary F. Lunter
2 1/2
Jan. 1, 1967
Enclosed with the second election was a letter from M. C. Paterno, petitioner's representative. That letter provided certain information which is pertinent to this case and which may be summarized as follows: (a) That a new election for the petitioner was enclosed. (b) Petitioner's stock *113 in the name of Signaigo was actually owned by Nichols. (c) Signaigo had held the stock as nominee since Nichols was prohibited by law to own petitioner's stock while employed with the State Alcoholic Beverage Unit. (d) On April 19, 1968, Nichols resigned from his position with the State and petitioner's stock was transferred to him from Signaigo. (e) Nichols did not know that he should have signed a new consent since the stock was owned by him from the beginning. (f) It was requested that the new election of the petitioner be approved. Petitioner's Federal income tax return, Form 1120-S, for the taxable year ended December 31, 1968, was filed with the district director of internal revenue at Parkersburg on March 6, 1969. Petitioner was advised in a letter from the Internal Revenue Service dated May 14, 1969, that the new stockholder's consent of Nichols had been accepted and that petitioner's election to file as a small business corporation continued. In his notice of deficiency dated June 10, 1970, respondent determined that for the years 1967 and 1968 the petitioner was not a small business corporation within the meaning of section 1371(a) because 25 percent of its *114 stock was owned by a trust, i.e., the stock issued in the name of Augustine J. Signaigo. Section 1372(a) provides that any small business corporation may elect not to be subject to the income tax imposed by chapter 1 of the Code. It further provides that such election shall be valid only if all persons who are shareholders in the corporation consent to the election. Section 1371(a) defines a "small business corporation" as one which, among other things, does not have as a shareholder a person (other than an estate) who is not an individual. In explaining the application of that statutory provision, section 1.1371-1(e), Income Tax Regs., provides that a corporation in which any shareholder is a trust does not qualify as a small business corporation. It is apparent that the validity of the trust between Signaigo and Nichols is not disputed. Thus, when they executed the declaration of trust in 1966 relating to petitioner's stock being held by Signaigo, the trust which was created became a shareholder of the petitioner. Since petitioner had as a shareholder a trust during part of 1966, all of 1967 and part of 1968, it was not a small business corporation within the purview of the statute *115 and the regulations. Consequently, the petitioner was not eligible for subchapter S treatment, and its election to be so treated for the year beginning January 1, 1967, and subsequent years is clearly invalid. Fulk & Needham, Inc. v. United States, 411 F. 2d 1403 (C.A. 4, 1969), affirming 288 F. Supp. 39 (M.D.N.C. 1968); and Old Virginia Brick Co., Inc. v. Commissioner, 367 F. 2d 276 (C.A. 4, 1966), affirming 44 T.C. 724 (1965). Petitioner argues that under State law (West Virgina Code, chapter 31, article 1, section 38) Signaigo was owner of petitioner's stock because the shares were issued in his name on the corporate books. It is therefore contended that petitioner's first election is valid since Signaigo timely filed his consent to such election. Neither of these factors is controlling because a stockholder, according to the applicable statutory provisions pertaining to subchapter S corporations, is to be determined by beneficial ownership rather than technical legal title. See Alfred N. Hoffman, 47 T.C. 218, 235 (1966), affirmed per curiam 391 F. 2d 930 (C.A. 5, 1968); Clarence L. Hook, 58 T.C. No. 26 *116 (May 10, 1972); and section 1.1371-1(d)(1), Income Tax Regs. It is 743 clear that Nichols was the beneficial owner of the stock at the time petitioner's first election was filed. Petitioner cites and relies heavily upon A. & N. Furniture & Appliance Company v. United States 271 F. Supp. 40 (S.D.Ohio, 1967). Although we are somewhat skeptical about the correctness of the opinion in that case, we find it distinguishable from the instant case. Here we have a normal trust, not a voting trust. It is provided in the declaration of trust involved in this case that A. J. Signaigo was holding petitioner's stock, issued in his name as trustee, for the use and benefit of H. C. Nichols, his heirs and assigns. Furthermore, the agreement provides that Signaigo, upon request of Nichols, his heirs or assigns, would execute and deliver the stock, or any portion thereof, to Nichols, or to any person or persons, corporation or corporations, as so directed. Hence the trust agreement could materially affect both the size of the petitioner and the computation of the tax attributable to each shareholder. These two factors were mentioned by the Court in A. & N. Furniture & Appliance Company, supra. *117 Accounting difficulties are present herein since Signaigo is listed on petitioner's 1967 tax return as a stockholder receiving income, while the declaration of trust provides that Nichols is the beneficial owner of the stock. Finally, petitioner contends that the respondent, after full knowledge of the facts existing in the year 1968, had previously approved the election for 1968 and cannot now arbitrarily refuse to honor the acceptance. As we view it, the acceptance expressed in the letter dated May 14, 1969, from the Internal Revenue Service pertained exclusively to the delinquently filed consent of Nichols on the apparent assumption that he was a new shareholder of the petitioner-corporation. That letter was not an acceptance of a delinquently filed election for 1968. Contrary to the filing of consents, the time for making the election cannot be extended. Joseph W. Feldman, 47 T.C. 329, 333 (1966). Even if the letter could be construed to be an acceptance of the delinquently filed election, a mistake by an employee of respondent does not equitably estop respondent from subsequently correcting the error. Ernest H. Berger, 37 T.C. 1026, 1031 (1962). [2] *118 We conclude that 25 percent of the shares of petitioner's stock was held by a trust, that the petitioner did not qualify as a small business corporation under the provisions of section 1371, and that the elections made by the petitioner were ineffective to relieve it of the taxes imposed by chapter 1 of the Code. Decision will be entered under Rule 50. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See also Ray Mora, T.C. Memo. 1972-123↩ (May 30, 1972), rejecting a claim of estoppel involving an election under subchapter S.