JON P. SMITH AND CAROL A. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket Nos. 20767-84; 37336-85; 37204-86.
United States Tax Court
T.C. Memo 1988-18; 1988 Tax Ct. Memo LEXIS 18; 54 T.C.M. (CCH) 1535; T.C.M. (RIA) 88018; January 13, 1988. Victoria Sherlock and Bruce Locke, for the petitioner Jon P. Smith. Alan Tinsley and Thomas Redding, for the petitioner Carol A. Smith. M. Kathryn Bellis and Marion S. Friedman, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined deficiencies and additions to tax in petitioners' 1978, 1979 and 1980 Federal income tax as follows: Additions to Tax
Year
Deficiency
Section 6653(a) [1]
Section 6621(d) [2]
1978
$  45,261.86
$ 2,263.09
*
1979
57,498.75
2,874.94
*
1980
103,480.97
5,174.05
None
An issue common to all three dockets that this Court must decide is whether *20 the J. B. Smith Manufacturing Company elected to be taxed as a subchapter S corporation. These cases have not been consolidated, but because of certain common issues, the parties have agreed to sever those issues for trial. Preliminary to the trial, the parties submitted this issue on fully stipulated facts pursuant to Rule 122, Tax Court Rules of Practice and Procedure.
Petitioners resided in Houston, Texas at the time the petitions were filed and were husband and wife at all times during the taxable years 1978, 1979 and 1980. On their 1978, 1979 and 1980 tax returns, petitioners reported items for J. B. Smith Manufacturing ("Smith Co."), a corporation formed under the laws of Texas, consistent with subchapter S treatment. On May 30, 1974 respondent received a Form 2553, Election by Small Business Corporation, signed by all the shareholders of record of Smith Co. and their spouses as of May 1, 1974, and was to be effective for the taxable year beginning May 1, 1974. The election form accompanied a letter of transmittal signed on behalf of Smith Co. by J. B. Smith, president of the corporation. The Form 2553 received on May 30, 1974 was complete except that it was unsigned. *21 The space provided for the signature of an officer of the corporation authorizing the election was left blank. Respondent returned the form to the corporation on June 25, 1974 with a request for an officer's signature. On or about July 18, 1974 the original Form 2553 was mailed to respondent signed by J. B. Smith, President and was received by respondent on July 22, 1974. The completed Form 2553 was stamped "Accepted" sometime after May 30, 1974. For all taxable years beginning with the taxable year ended April 30, 1975, Smith Co., consistent with an election of subchapter S status, has filed U.S. Small Business Corporation Income Tax Returns, Form 1120S. We must decide whether Smith Co. elected subchapter S status. Petitioners argue that Smith Co. failed to elect because an authorized officer failed to sign a timely filed Form 2553. Petitioners, noting the uncompromising judicial application of the statutory time limit provided in section 1372(c)(1), argue that the case law requires us to hold that the completed Form 2553 filed out of time on July 22, 1974 was a defective subchapter S election. [3] We agree with petitioners. *22 During 1974, Section 1372(c) provided that a subchapter S election must be made during either the first month of an electing corporation's taxable year or the preceding month. Because its taxable year commenced May 1, Smith Co. was required to elect subchapter S status during April or May. Feldman v. Commissioner,47 T.C. 329, 332 (1966). Section 1372(c) further provided in 1974 that the "election shall be made in such manner as the Secretary or his delegate shall prescribe by regulations." Section 1372(c)(1). Pursuant to this authority, section 1.1372-2(a), Income Tax Regs. provided that the "election form shall be signed by any person who is authorized to sign the return required under section 6037." An authorized person was the "president, vice president, treasurer, assistant treasurer, chief accounting officer or any other officer duly authorized so to act." Section 6062 and 1.6037-1(a), Income Tax Regs. The signature was to be made under penalties of perjury. Respondent argues that Smith Co. substantially complied with the election requirements of section 1372, and therefore, Smith Co. should be treated as a subchapter S corporation. The substantial *23 compliance doctrine applies in this case, respondent contends, because the Secretary's requirement of a signature on Form 2553 is merely procedural. Respondent argues in the alternative that Smith Co.'s filing of Form 2553 was expressly ratified by J. B. Smith, president of Smith Co., in the transmittal letter signed by him and attached to the election form filed on May 30, 1974. Accordingly, the election should be treated as valid. We disagree. Because no authorized officer had signed the Form 2553 on behalf of Smith Co., the tendering of the form to respondent on May 30, 1974 was ineffective to elect subchapter S status. Levy v. Commissioner,46 T.C. 531, 537 (1966). First, we note it is rather late in the development of the case law for respondent to argue substantial compliance. The courts have strictly enforced the definite time limits set by Congress for the election. Pestcoe v. Commissioner,40 T.C. 195 (1963); Feldman v. Commissioner,47 T.C. 329 (1966). "There is no * * * provision for leniency with respect to the filing of elections under subchapter S." *24 Pestcoe v. Commissioner,40 T.C. at 198. Respondent himself has required strict adherence to the statutory requirements. Rev. Rul. 60-183, 1960-1 C.B. 625. An untimely election cannot effect subchapter S status. Second, section 1.1372-2(a), Income Tax Regs., requires for sound reasons that the Form 2553 be executed by an authorized officer of the electing corporation "under penalties of perjury." Section 6065. A perjury sanction aids in assuring that true, correct and complete forms are filed with the Internal Revenue Service. With respect to an unsigned "tax return," we have held that such a document is no return at all because an unsigned return would be insufficient "to support a perjury charge based on a false return." Vaira v. Commissioner,52 T.C. 986, 1005 (1969), affirmed on this issue, reversed and remanded on other grounds 444 F.2d 770 (3d Cir. 1971); Reaves v. Commissioner,31 T.C. 690, 713 (1958), affd. 295 F.2d 336 (5th Cir. 1961); *25 Lucas v. Pilliod Lumber Co.,281 U.S. 245 (1930). We believe that election of subchapter S status is analogous. This election is pivotal in determining the taxability of both the corporation and its shareholders. The courts should not impute to a corporation or its shareholders a pivotal status for Federal income tax purposes that has not been firmly and clearly elected. An unsigned form is not evidence of a firm and clear election. Consequently, the requirement that the Form 2553 be signed by an authorized officer is not merely procedural or directory, but rather a substantive requirement that goes to the heart of a taxpayer's fundamental tax status. For these reasons, we also reject respondent's argument that the signature of J. B. Smith on the transmittal letter gave effect to the election of subchapter S status. Because the signature on the transmittal letter would not be sufficient to support a perjury charge based on a false Form 2553, Vaira v. Commissioner, supra at 1005, it does not bind Smith Co. The Form 2553 was unsigned when received by the Internal Revenue Service, and the statutory time period for making the election had expired *26 when the election form was filed on or about July 18, 1974. Section 1372(c)(1). We conclude that Smith Co. did not elect subchapter S status for the taxable year ending April 30, 1975 or thereafter. [4]Feldman v. Commissioner,47 T.C. at 334. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the years at issue. ↩
2. Subsection (d) of section 6621 was redesignated subsection (c) and amended by the Tax Reform Act of 1986, Pub. L. 99-514, section 1511(c)(1)(A)-(C), 100 Stat. 2744. ↩
*. Amount to be determined. ↩
3. Smith Co. did not elect the retroactive effect of section 1372(c)↩ provided by section 5(d) of the Pub.L. 95-628, 92 Stat. 3627. 4. The parties have agreed that respondent has reserved the right to argue that we should estop petitioners from denying the subchapter S status of Smith Co. This issue will be set for trial. ↩