Joseph SIMONS and Bertha G. Simons, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 9132.

United States District Court
D. Connecticut.

Sept. 19, 1962.

---

2. U. S. v. Bucur, 7 Cir., 194 F.2d 297, 304; People v. Coultas, 342 Ill.App. 58, 95 N.E.2d 517; Wyckoff v. Jarrell, 5 W.W. Harr. 342, 35 Del. 542, 170 A. 802.

Warren S. Randall, Halloran, Sage, Phelon & Hagarty, Hartford, Conn., for plaintiffs.

Irving H. Perlmutter, Robert C. Zampano, New Haven, Conn., for defendant.

CLARIE, District Judge.

The plaintiffs prepared and filed their income tax returns for the calendar year 1958 and availed themselves of the deductions allowed to the stockholders of a "small business corporation", in accordance with the provisions of Subchapter "S", §§ 1371–1377 of the Internal Revenue Code of 1954, as amended by the Technical Amendments Act of 1958, 26 U.S.C.A. §§ 1371–1377. It is their claim that The Joseph Simons Company made a proper and timely election under § 1372 to be taxed as a "small business corporation."

The Government's position is that the election was delinquent and the plaintiffs have not complied with an essential statutory prerequisite to be entitled to the advantages accorded by Subchapter "S". The Government further claims that all of the stockholders of The Joseph Simons Company failed to file their respective consent to such election within the time prescribed by the statute and the applicable regulations.

## FINDINGS OF FACT

1. The plaintiffs, husband and wife, were the principal stockholders in The Joseph Simons Company during the times here relevant.

2. The Joseph Simons Company is a Connecticut corporation which uses the calendar year as its tax year.

3. The plaintiffs' income tax returns for 1958 contained a refund claim of $7,001.39. This claim was disallowed by the Government and an additional tax of $4,300.14 was assessed against the plaintiffs.

4. The plaintiffs paid the additional assessment plus interest to the date of payment.

5. The plaintiff, Joseph Simons, president of The Joseph Simons Company, hand delivered an executed Treasury Form #2553 to the office of the District Director of Internal Revenue on December 2, 1958.

6. Treasury Form #2553 is the form prescribed by the Secretary of the Treasury for filing a corporation's election to be taxed as a "small business corporation" under Subchapter "S" (§§ 1371–1377) of the Internal Revenue Code of 1954 as amended by the Technical Amendments Act of 1958, enacted September 2, 1958.

## DISCUSSION

The controversy in this action may be resolved by deciding whether the election filed on behalf of The Joseph Simons Company to be taxed as a "small business corporation" was filed within the time limited by law. Section 1372 prescribes the manner and time in which a

corporation must make the election to be taxed as a "small business corporation." The portion of the statute material to this dispute reads as follows:

"An election may be made * * by a small business corporation for its first taxable year which begins after December 31, 1957, and on or before the date of the enactment of this subchapter, and ends after such date at any time—(A) within the 90-day period beginning on the day after the date of the enactment of this subchapter * * * (enacted Sept. 2, 1958)."

The prescribed 90-day period expired on December 1, 1958. As noted above, the election for The Joseph Simons Company was filed on December 2, 1958. Plaintiffs argue that since § 7502 of the Internal Revenue Code (26 U.S.C.A. § 7502) would have allowed them a timely filing if the election had been postmarked December 1st, the Government is not harmed by the hand delivery on December 2nd which probably was received by the District Director earlier or as soon as an election mailed on December 1st.

The plaintiffs urge this Court to hold that the election was filed in time, because the Act allowing these tax advantages was very complex, that much confusion was evident immediately after its passage, and that since it was difficult for them to decide whether the election would be beneficial to them during a period which they maintain was too short, their filing of the election one day late is not sufficient cause to deny them the advantages which they would have had under the Act.

It is conceded that the loss of these advantages is harsh on the plaintiffs. However, this Court cannot grant an extension of time where the Congress has specifically set out the time within which the election had to be made and filed. To adopt the plaintiffs' argument that inasmuch as the hand delivery was within the time in which the mail in all probability would have been received,

would in many situations extend still further the grace period limited by statute. For example, were such a return to be sent from a distant point requiring several days by postal service, or one day by personal delivery, the latter procedure would affect an extension by several days the limitation provided by statute. This would then destroy the exact limitation of time so necessary to avoid confusion in the law's practical application.

The enactment of Subchapter "S" was intended to give a benefit to eligible taxpayers. The Supreme Court of the United States in an analogous situation involving an election under the revenue statutes stated the following:

"That opportunity was afforded as a matter of legislative grace; the election had to be made in the manner and in the time prescribed by Congress. The offer was liberal. But the method of its acceptance was restricted. * * * No other time limitation would have statutory sanction. To extend the time beyond the limits prescribed in the Act is a legislative, not a judicial, function. * * *

"That may be the basis for an appeal to Congress in amelioration of the strictness of that section. But it is no ground for relief by the courts from the rigors of the statutory choice which Congress has provided." J. E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 58, 59, 61 S.Ct. 95, 97, 85 L.Ed. 36 (1940).

Congress stated in the law applicable in this case that the election must be made within the 90-day period beginning on September 3, 1958 and ending on December 1, 1958. The Court does not find compelling the plaintiffs' contention that the complexity of the Act allows this Court to grant them a slight extension of time. The Congress was well aware of the Act's complexity.

It is not necessary to consider the Government's second ground for summary

judgment. A timely filing of the election is a condition precedent to the validity of the stockholders' consent.

The defendant's Motion for Summary Judgment is granted; the plaintiffs' action is dismissed.