WILLIAM PESTCOE AND SELMA PESTCOE, ET AL.,[1] PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 93597–93600. Filed April 30, 1963

*Morris Prince,* for the petitioners.
*Dennis C. DeBerry,* for the respondent.

HOYT, *Judge:* The respondent determined deficiencies in petitioners'
income taxes for the years 1958 and 1959, as follows:

| Docket No | Amount | |
|---|---|---|
| | 1958 | 1959 |
| 93597 | $2,186.48 | $979.07 |
| 93598 | 2,454.19 | |
| 93600 | 1,916.16 | 723.05 |
| | Jan. 1–Nov. 1, 1959 | |
| 3599 | | $836.62 |

Losses of Pestcoe Clothing Co., Inc., for 1958, of which petitioners
claimed their proportionate parts, were conceded on brief. It is
agreed that Mercer Clothing Manufacturing Co., Inc. (hereafter
called Mercer), meets the requirements of a small business corporation
under section 1371 of the 1954 Code. The sole issue to be decided is
whether a valid election was made by Mercer to be treated as a small

---

[1] Proceedings of the following petitioners were consolidated: Estate of Marvin Pestcoe,
deceased, William Pestcoe, Broad Street National Bank of Trenton, and Sydney Pestcoe,
coexecutors, and Nancy Pestcoe, surviving spouse, Docket No. 93598; estate of Marvin
Pestcoe, deceased, William Pestcoe, Broad Street National Bank of Trenton, and Sydney
Pestcoe, coexecutors, Docket No. 93599; and Sydney Pestcoe and Sylvia Pestcoe, Docket
No. 93600.

business corporation under section 1372 of the Internal Revenue Code of 1954, so as to entitle petitioners to use proportionate losses in their individual returns for 1958 and 1959.

FINDINGS OF FACT

The petitioners William and Selma Pestcoe are husband and wife and resided at 24 Newell Avenue, Trenton, N.J., during the years in question. Petitioners Sydney and Sylvia Pestcoe, are husband and wife whose residence was at 110 Cornwall Avenue, Trenton, N.J. The petitioners Marvin and Nancy Pestcoe were husband and wife living at 9 Diane Drive, West Trenton, N.J. In November 1959, Marvin Pestcoe died, and a return was filed for Marvin Pestcoe, deceased, for the taxable year from January 1 to November 1, 1959. All of the petitioners filed their Federal income tax returns with the district director of internal revenue at Camden, N.J.

The petitioners Marvin, William, and Sydney each held one-third of the stock and were the sole shareholders and officers of Mercer and, also, of the Pestcoe Clothing Co., Inc. (hereafter referred to as Pestcoe). Both of these corporations were located at Olden and Breunig Avenues, Trenton, N.J. Their operations were integrated in the manufacture and sale of boys' clothing. Pestcoe was the selling company and purchased top cloth material. Mercer was the manufacturer for itself and also on a contract basis for others, and purchased the materials needed to trim and finish the garments.

Both of these corporations had sustained losses for about 5 years prior to the years involved here. The losses for which the petitioners claimed their proportionate shares under section 1374 of the 1954 Code, were as follows:

|  | 1958 | 1959 |
|---|---|---|
| Mercer—Loss | ($24, 667. 32) | ($28, 733. 32) |
| Pestcoe—Loss | ($11, 699 92) | None claimed |

The petitioners conceded on brief that the Pestcoe losses for 1958 were not allowable, so no further facts will be found with respect to that corporation. Mercer filed its income tax returns on a calendar-year basis.

On October 31, 1958, the sole Mercer stockholders—William, Marvin, and Sydney Pestcoe—held a stockholders meeting at their lawyer's office in Trenton, N.J., at which they discussed the advisability of electing to file as a small business corporation, as defined in subchapter S of the Internal Revenue Code of 1954. Sidney Stark, counsel for the company, and Morris Prince, a certified public ac-

countant, were also present at this meeting. It was decided to continue the discussion at a second meeting in 2 weeks.

At the second meeting, on November 14, 1958, the same persons were present. It was resolved that Mercer would elect to report its income as a small business corporation under subchapter S. Morris Prince was designated to prepare and submit the necessary forms and papers. Since the subchapter S provisions were new, Prince decided to telephone both the Camden, N.J., and Washington, D.C., offices of the Internal Revenue Service in order to determine the proper procedures. However, he was not able to elicit any definite answer or information. The record does not disclose what further efforts were made to effect the election, either prior to December 1, 1958, with respect to the year 1958 or prior to January 31, 1959, with respect to 1959.

Morris Prince was stricken with a coronary occlusion on January 7, 1959, and was confined in hospital until January 28, 1959. He then remained at home for several weeks. While at home he obtained Form 2553 which is the form required to be used in making an election to be taxed as a small business corporation under subchapter S. This form, together with the necessary shareholder consents, was sent on February 27, 1959, to the Commissioner of Internal Revenue on behalf of Mercer and Pestcoe.

The elections and shareholder consents were received by the district director of internal revenue at Camden, N.J., on March 4, 1959. These were the only elections filed by the petitioners, and their receipt was acknowledged by the Commissioner in a letter dated March 5, 1959. No consent has been filed by the estate of Marvin Pestcoe, deceased.

OPINION

Under the provisions of subchapter S (secs. 1371–1377) of the 1954 Code, a corporation may elect to be taxed in essentially the same manner as a partnership. Section 1372(c)(1) states that the election must be made during the first month of the taxable year or during the immediately preceding month. It also provides that the manner of making the election shall be prescribed by regulations of the Secretary or his delegate. In accordance with this provision, T.D. 6317, 1958–2 C.B. 1096, was filed on September 25, 1958, and published the following day in the Federal Register. In section 18.1–1(b)(1) of the regulations adopted therein, it is provided that the election under section 1372(a) should be made by filing Form 2553, or the equivalent information contained in a statement, together with consents by the shareholders.

In accordance with section 1372(c)(2), which provides for elections for taxable years beginning after December 31, 1957, and before the

date of enactment of subchapter S, the last day for Mercer's filing an election for 1958 was December 1, 1958. The election for 1959 was due to be filed in December of 1958 or January of 1959, as provided by section 1372(c)(1). Since Mercer did not file Form 2553 or any equivalent statement until February 27, 1959, it is apparent that this filing was too late to be a valid election for 1958 or 1959. The fact that the petitioners resolved to elect to be taxed as a small business corporation on November 14, 1958, was not an election but only an agreement to elect, and it certainly was not in compliance with the regulations which Congress specifically authorized the Commissioner to adopt. We hold that Mercer did not file the proper form or information until February 27, 1959, at the earliest, and, consequently, made no election until that date.

The petitioners point to many areas where the Internal Revenue Code provides for lenient treatment. Here, sections 1372(c)(1) and 1372(c)(2) are both demanding and explicit. There is no such provision for leniency with respect to the filing of elections under subchapter S.

It is true that the result may be harsh, but the Court cannot grant an extension in the face of such definite time limits. *Simons* v. *United States*, 208 F. Supp. 744 (D. Conn. 1962). Subchapter S was placed in the Code as a complement to section 1361 (which allows a partnership to be taxed as a corporation) so that businesses could select their form of organization without having to take into account the tax consequences.[2] The election is optional, but if a taxpayer wishes to take advantage of these provisions he must also comply with their requirements. The equitable appeal of petitioners for relief by the Court is somewhat blunted by the facts. Petitioners' accountant became ill in January of 1959 but by that time the date for filing for 1958 was over a month past. Also, with respect to 1959, more time had already elapsed for timely filing than remained. Thus it is apparent that the illness relied upon in petitioners' equitable appeal was not the sole or principal cause of the late filing. In any event, whatever the equities or the harsh results, we do not feel that we can grant an extension of time where the Congress has specifically set the time for the making of the election required by the Code if the privilege of special tax treatment is to be enjoyed by certain small business corporations. *Simons* v. *United States, supra;* cf. *J. E. Riley Investment Co.* v. *Commissioner,* 311 U.S. 55 (1940), affirming 110 F. 2d 655 (C.A. 9, 1940) and a Memorandum Opinion of this Court.

Petitioners argue that the Commissioner has power and authority to extend the time for filing subchapter S elections under the general provisions of section 6081(a) of the Code. The Commissioner has taken the position that he cannot grant such an extension, Rev. Rul.

---

[2] S. Rept. No. 1983, 85th Cong., 2d Sess., p. 87 (1958), 1958-3 C.B. 1008.

60–183, 1960–1 C.B. 625, and urges that therefore petitioners' argument be rejected. This issue is not before us since there is no evidence in this record that the Commissioner refused to grant an extension or even that Mercer ever requested one.

We hold that Mercer did not elect to be taxed as a small business corporation until February 27, 1959, and that such election is untimely as to both 1958 and 1959 under sections 1372(c)(1) and 1372(c)(2) of the Internal Revenue Code of 1954 and the regulations adopted by specific authorization thereof.

*Decisions will be entered under Rule 50.*