HERBERT T. JONES and MAGDALENE S. JONES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Jones v. Commissioner
Docket No. 2685-72.
United States Tax Court
T.C. Memo 1973-238; 1973 Tax Ct. Memo LEXIS 50; 32 T.C.M. (CCH) 1115; T.C.M. (RIA) 73238; October 25, 1973, Filed *50 Held: In the absence of any election to be treated as a small business corporation, as required by section 1372, I.R.C. 1954, and the Regulations thereunder, The Herald Shoppe, Inc., was not an electing small business corporation and the losses claimed by petitioners as carryover losses for the taxable years 1968, 1969, and 1970, are not allowable as deductions under Subchapter S. Held, further, petitioners have failed to establish any other basis in fact or law which would entitle them to the deductions claimed. Herbert T. Jones, pro se. Jeffrey C. Kahn, for the respondent. 2 BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined deficiencies in the income tax of the petitioners for the years and in the amounts as follows: Year
Deficiency
1968
$1,425.79
1969
1,698.92
1970
2,077.54
Certain adjustments made in the notice of deficiency were not placed in issue. The only question to be determined is whether the petitioners are entitled to carryover deductions for net operating losses allegedly incurred in the operation of The Herald Shoppe, Inc., which ceased doing business and was adjudged a bankrupt in 1966. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, are incorporated by reference. *52 Petitioners Herbert T. Jones and Magdalene S. Jones were, during the taxable years involved, husband and wife. They filed joint income tax returns on the basis of the cash method of accounting for the taxable years 1968, 1969, and 1970, with 3 the district director of internal revenue at Newark, New Jersey. At the time their petition in this proceeding was filed, petitioners resided in Pennsauken, New Jersey. Herbert T. Jones (hereinafter referred to as petitioner) was the owner and operator of a card and gift shop, known as The Herald Shoppe, at 7706 Maple Avenue, Pennsauken, New Jersey. He operated this business as a sole proprietorship from December 11, 1961, until April 11, 1966, on which date it was incorporated and received its corporate charter from the State of New Jersey. Petitioner was the major stockholder of The Herald Shoppe, Inc. The remaining stock was owned by Mrs. Ethel Holt and Mrs. Ruth Jones, mother of the petitioner. The stock was of "no par" value. There is no evidence as to the number of sshares authorized, the amount of its capitalization, or the amount contributed or paid for such stock by either of the stockholders. The Herald Shoppe, Inc. *53 , completely terminated its business operations on August 17, 1966. On September 26, 1966, a petition in involuntary bankruptcy was filed against The Herald Shoppe, Inc., in the United States District Court for the District of New Jersey, and on October 12, 1966, The Herald Shoppe, Inc., was adjudged a bankrupt by the Referee in Bankruptcy, William Lipkin. The personal property of the bankrupt (except 4 items 4 left on the premises or turned over to claimants as their personal property), consisting of the fixtures and merchandise was sold by the Receiver for $400 and $450 respectively, and the sale thereof confirmed by the Referee in Bankruptcy on February 10, 1967. The bankruptcy proceedings were terminated on August 22, 1967, without dividends. No. U.S. Corporation Income Tax Return (Form 1120) was ever filed by The Herald Shoppe, Inc.; nor was any election to be treated as a small business corporation under the provisions of section 1372 of the Internal Revenue Code of 1954[1] ever filed by or on behalf of The Herald Shoppe, Inc. In addition *54 to the operation of The Herald Shoppe, petitioner was employed as a "guidance councilor" or teacher in the public schools of Camden County, N.J., and in Philadelphia, Penna. Since only Schedule C of Form 1040 was offered in evidence for the years 1963 and 1964, the total amount of the salary received for each of those years is not shown. However, copies of employment contracts and/or W-2 forms attached to the Schedule C's indicated he received salary income in the amount of $580.00 per month during the school year for 1963 and $745.00 5 per month during the school year 1964. On his returns for 1965 and 1966, petitioner reported gross income from wages or salary in the amounts of $7,643.00 [2] for 1965 and $6,683.25 for 1966. On Schedule C of Form 1040, filed with his returns for 1963 through 1966, petitioner reported net losses from the operation of The Herald Shoppe in the amounts of $5,561.83, $5,875.45, $9,362.22 and $16,921.61, respectively, and these amounts were taken as deductions in computing his taxable income for those years. On their return for 1967, petitioners *55 claimed an ordinary loss deduction in the total amount of $34,140.37. Of this amount $33,000 was designated as "loss carryfwd from Subchapter S." On their returns for the taxable years 1968, 1969 and 1970, petitioners claimed a "loss carried forward from Subchapter S" in the amount of $27,887.49 for 1968, $20,463.29 for 1969, and $12,212.25 for 1970. Respondent disallowed the claimed carry forward losses and in the notice of deficiency dated January 17, 1972, explained his adjustments as follows: 6 (a) It is determined that the carry forward losses claimed for 1968, 1969 and 1970 are not allowed because you failed to establish (1) That a loss was incurred. (2) The amount of the loss. (3) That if the loss was in fact incurred that it was not fully deducted in prior years. Year Carry Over Loss Claimed Disallowed 1968
$27887.49
$27887.49
1969
20463.29
20463.29
1970
12212.25
12212.25
OPINION The only question to be determined is whether petitioners are entitled to carryover deductions in the taxable years 1968, 1969, and 1970, for net operating losses incurred in the operation of The Herald Shoppe, Inc., which ceased doing business *56 and was adjudged a bankrupt in 1966. On their returns for 1968, 1969, and 1970, petitioners claimed deductions, described as a "loss carried forward from Subchapter S" in the amounts of $27,887.49 for 1968, $20,463.29 for 1969, and $12,212.25 for 1970. In statements attached to the returns they indicated that the losses referred to resulted from the operation of The Herald Shoppe. On their returns for 1967, a year not here in issue, the petitioners had claimed a deduction similarly described as a "loss carry 7 fwd from Subchapter S" in the amount of $33,000.00, which amount was used in the computation of petitioners' taxable income and the unused amount carried over and used in the computation of petitioners' taxable income in the succeeding years. Under section 1374 of Subchapter S of Chapter 1 of the Internal Revenue Code of 1954, each shareholder of an electing small business corporation is allowed to deduct from his gross income his proportionate share of the corporation's net operating loss computed as provided in section 172. In order to qualify as an electing small business corporation the corporation is required to file an election in the time and manner required *57 by section 1372 and the regulations thereunder. See Income Tax Regulations, section 1.1372-2. Petitioner has admitted that no election to be treated as a small business corporation was ever filed by or on behalf of The Herald Shoppe, Inc., as required by section 1372. Accordingly, it was not an electing small business corporation and the losses claimed by petitioners are not allowable as deductions under Subchapter S. J. William Frentz, 44 T.C. 485, affd. 375 F.2d 662 (C.A. 6, 1967); William Pestcoe, 40 T.C. 195 (1963). 8 Other than the references to Subchapter S contained in their returns, petitioners have produced no evidence or suggested any statutory authority for the deduction of the losses claimed. It is not the province of this Court to determine cases on the basis of evidence which might have been but was not produced, or on the basis of forms and procedures which might have been but were not used. It is our duty to determine cases on the basis of facts clearly established by the evidence produced, viewed in the light of existing statutes, not on the basis of inferences and conclusions for which there is no support in the *58 evidence or the law. In Commissioner v. Scottish American Investment Co., Ltd., 323 U.S. 119 (1944), the Supreme Court stated: The judicial eye must not in the first instance rove about searching for evidence to support other conflicting inferences and conclusions which the judges or the litigants may consider more reasonable or desirable. [p. 124] * * * The factual pattern is too decisive and too varied from case to case to warrant a great expenditure of appellate court energy on unravelling conflicting factual inferences. [p. 125] Notwithstanding the above admonitions which we think are particularly appropriate in the present case, we have carefully examined the entire record herein, including the pleadings, 9 stipulations, exhibits, transcript of testimony and briefs, and can find no basis, factual or legal, to support the deductions claimed by petitioners. Petitioner's testimony at the trial was so ambiguous, inadequate and lacking in preciseness, that we have found it most difficult to understand just what his position is. He testified that prior to entering into the card and gift shop business he and his "accountant" sought advice from a *59 "counselor" of the Internal Revenue Service as to forms and procedures which should be followed to give him the greatest amount of tax benefit. He also testified that the Referee in Bankruptcy advised him he might recoup his losses under Subchapter S. Aside from the fact that no evidence was produced as to what forms or procedures were recommended or followed, the law is well established that, for Federal income tax purposes, the Commissioner of Internal Revenue is not bound by any such statements made by either an agent of the Internal Revenue Service or by the Referee in Bankruptcy. Petitioner's reliance on such advice does not entitle him to the deductions claimed. According to the returns filed by petitioners for the years 1963 to 1966, inclusive, The Herald Shoppe incurred losses in increasing amounts during each of those years. 10 Since it ceased doing business on August 13, 1966, and was adjudged a bankrupt on October 12, 1966, it is obvious that such losses as it may in fact have incurred occurred not later than 1966 and were deductible, if at all, in those years, - by petitioner on his individual returns during the years he operated as a sole proprietor, and by *60 the corporation after it was incorporated. They were not deductible as business losses in the taxable years involved herein, and, absent any effectual election to be treated as an electing small business corporation, no part of such losses could be carried forward under Subchapter S. Petitioners offered no books or records of either the proprietorship or the corporation to establish the amount, if any, of the losses claimed or when they were incurred. In this connection, we note that on their returns for 1966, the last year in which the business was operated, petitioners reported their loss as $16,921.61, and on their return for 1967 they reported a "loss carry fwd from Subchapter S" in the amount of $33,000.00. The difference in the amounts reported for the subsequent years over the amount reported for 1966 was not explained by petitioners and the accountant, who prepared and signed the returns for 1968 and allegedly prepared but did not sign the returns for 1969 and 1970, was not called as a witness. 11 The petitioners have the burden of proof. Rule 32, Tax Court Rules of Practice. The fact that petitioners were not represented by counsel, but elected to try the case *61 pro se, did not relieve them of their burden. The mere statement of the amount of an alleged loss on their returns was not sufficient. Petitioners have likewise offered no evidence to establish how much of the stock of The Herald Shoppe, Inc., they owned, how much it cost, or whether, in fact, they had paid for such stock. Without such information it cannot be determined whether petitioners were entitled to a capital loss deduction for the worthlessness of their stock under section 165(a) and (g). Pearl Zarnow, 48 T.C. 213 (1967). We hold that petitioners have failed to establish any basis in fact or law which would entitle them to the losses claimed. Accordingly, we sustain respondent's determination of the deficiencies herein. Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 unless otherwise indicated. ↩
2. W-2 forms attached to the return for 1965 show total wages received in the amount of $7,688.45. ↩