## McCLELLAND FARM EQUIPMENT CO., a corporation, Appellant,

### v.

### UNITED STATES of America, Appellee.

#### No. 79–1040.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1979.

Decided July 10, 1979.

James P. Fitzgerald of McGrath, North, O'Malley & Kratz, Omaha, Neb., for appellant.

Gayle P. Miller, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee; M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Grant W. Wiprud, Attys., Tax Div., Dept. of Justice, Washington, D. C., Edward G. Warin, U. S. Atty. and Paul W. Madgett, Asst. U. S. Atty., Omaha, Neb., on brief.

Before BRIGHT, HENLEY and McMILLIAN, Circuit Judges.

BRIGHT, Circuit Judge.

McClelland Farm Equipment Co. (McClelland) appeals from the district court's grant of summary judgment in favor of the Government denying McClelland's tax refund claim. McClelland seeks recovery of taxes it paid when the Internal Revenue Service (IRS) disallowed, as prematurely filed, McClelland's election for 1968 to be taxed as a small business corporation under Subchapter S of the Internal Revenue Code, 26 U.S.C. §§ 1371–1379 (1976). The district court concluded that McClelland's election for 1968, which the IRS received approximately one month prior to the two-month Subchapter S election period provided by former 26 U.S.C. § 1372(c),[1] was not "filed"

---

1. As applicable in this case, 26 U.S.C. § 1372(c) provided that a Subchapter S election may be made by a small business corporation for any taxable year at any time during the first month of such taxable year, or at any time during the month preceding such first month.

Congress amended section 1372 in 1978 to provide for such elections for a taxable year (a) at any time during the preceding taxable year, or

during that period as required by Treas. Reg. § 1.1372–2(b) (1978).[2] We hold the election was timely filed and reverse the summary judgment.

McClelland became incorporated under Nebraska law in January 1965. For three years it filed its federal income tax returns as an ordinary corporate taxpayer, pursuant to section 11 of the Internal Revenue Code (IRC). On October 27, 1967, McClelland mailed to the IRS a Subchapter S election form (Form 2553) and written consents to the election by each of its shareholders. McClelland's election form stated on its face that the "[e]lection is to be effective for the taxable year beginning Jan. 1, 1968."[3]

The IRS received these election and consent statements on October 30, 1967, but did not notify McClelland that it either accepted or rejected the election. Apparently the IRS kept the election documents in its records pertaining to McClelland as if the documents had been properly filed.[4] McClelland assumed that it had made a proper election, and it filed tax returns as a Subchapter S corporation for its 1968 through 1973 taxable years. During this period the IRS placed McClelland on its mailing list for Subchapter S tax return forms, and McClelland annually received such forms from the agency.

In 1973, the IRS conducted an audit of McClelland's 1971 tax return. In reviewing this return, the investigating agent examined the 1968 election form and ruled the election invalid as premature, because McClelland submitted it to the IRS prior to the election period prescribed by 26 U.S.C. § 1372(c) and Treas.Reg. § 1.1372–2(b). The IRS, relying upon the audit, assessed back taxes and interest totaling $69,643.37 against McClelland for three taxable years —1970, 1971, and 1972.

McClelland paid the assessed amount and then brought this action for a tax refund in the district court.[5] The case was referred to a magistrate for findings and recommendations on the Government's motion for summary judgment. The magistrate found McClelland's 1968 election had been untimely filed and recommended granting the Government's motion. The district court adopted this recommendation and entered summary judgment against McClelland.

The Government does not contest McClelland's eligibility for Subchapter S tax treatment during the taxable years in question. It is also undisputed that the form and content of McClelland's Form 2553 and consent letters satisfied the requirements of Subchapter S. Thus, the sole underlying question here is whether the *timing* of McClelland's submission of its election to the IRS precludes the election's validity in the circumstances of this case.

McClelland makes the following contentions on appeal: (1) its Subchapter S election for 1968 and subsequent years was timely filed under section 1372(c) and the applicable regulations; (2) the Government by its actions is estopped from asserting the untimeliness of McClelland's election; and (3) as applied by the IRS in this case, section 1372(c) denies McClelland due process

(b) at any time during the first 75 days of the taxable year. Revenue Act of 1978, Pub.L.No. 95–600 § 343, 92 Stat. 2763 (1978).

2. Treas.Reg. § 1372–2(b), applicable to the tax years in question, reads:

For taxable years beginning on or after September 3, 1958, the election shall be filed either (i) during the first month of such taxable year, or (ii) during the month preceding such first month.

3. A valid Subchapter S election is effective for the taxable year for which it is made and for all succeeding taxable years of the corporation, unless it is terminated under IRC § 1372(e). *See* 26 U.S.C. § 1372(d).

4. No direct evidence exists concerning the disposition of McClelland's election to be taxed as a Subchapter S corporation except that the Government located the relevant documents upon audit of McClelland's tax returns in late 1973, and produced them at the trial of this case. That evidence indicates that the IRS retained continuous possession of the taxpayer's election, Form 2553.

5. After receiving notice that the IRS considered the 1968 election invalid, McClelland filed a new Subchapter S election on January 30, 1974, with written notification that this new election constituted only a protective measure.

and equal protection of the law. We agree with McClelland's first argument that its election was "filed" during the applicable Subchapter S election period and therefore need not reach McClelland's other contentions.

Prior to its amendment in 1978,[6] section 1372(c) of the IRC read as follows:

(c) Where and how made.

An election under subsection (a) may be made by a small business corporation for any taxable year at any time during the first month of such taxable year, or at any time during the month preceding such first month. Such election shall be made in such manner as the Secretary shall prescribe by regulations. [26 U.S.C. § 1372(c) (1976).][7]

By limiting the period for filing Subchapter S elections in section 1372(c), Congress "intended to require the corporation to make the election before it could predict its profitability for the year with any certainty." H.R.Rep.No.95–1445, 95th Cong., 2d Sess. 104, [1978] U.S.Code Cong. & Admin. News, 7046, 7136. This limitation serves to prevent taxpayers from using Subchapter S solely as a tax avoidance mechanism. *Ibid.*

In keeping with this congressional purpose, courts have construed the time limitations of section 1372(c) and related regulations strictly against taxpayers submitting election documents to the IRS *after* the running of the Subchapter S election period. *See Calhoun v. United States*, 370 F.Supp. 434 (W.D.Va.1973); *Rowland v. United States*, 315 F.Supp. 596 (W.D.Ark. 1970); *Pestcoe v. Commissioner*, 40 T.C. 195 (1963); *Simons v. United States*, 208 F.Supp. 744 (D.Conn.1962). Similarly, the courts have held that a Subchapter S election which is invalid, because filed too late for the taxable year designated on the election form, cannot be considered an early election for the following taxable year. *See Calhoun, supra,* 370 F.Supp. at 438; *Rowland, supra,* 315 F.Supp. at 601; *Feldman v. Commissioner,* 47 T.C. 329 (1966).

The cases concerned with late-filed elections, however, are not dispositive of the issue before us. In this case, we consider the validity of a properly executed election submitted to the IRS *prior to* the statutory election period for the year designated on the election form. Clearly, the invalidation of McClelland's Subchapter S election for 1968 and subsequent years in the circumstances of this case would in no way further the congressional policy to prevent utilization of Subchapter S as a tax avoidance mechanism.

In holding that McClelland's Subchapter S election was untimely, the district court relied upon *T. H. Campbell & Bros., Inc. v. Commissioner,* 34 T.C.M. [CCH] 695 (1975), which held invalid an election the IRS received prior to the applicable statutory election period in circumstances similar to this case. We do not consider *Campbell* persuasive. The *Campbell* court, relying upon cases readily distinguishable from the controversy before the court,[8] merely concluded without reasoning that "[t]his filing was premature and hence invalid." 34 T.C.M. at 697.

Nothing contained in section 1372(c) or in the regulations bars the IRS from retaining a Subchapter S election form which it received prior to the statutory election period. The agency might, of course, have returned McClelland's 1968 election form, or otherwise have notified McClelland, if it did not wish to undertake holding the document until the commencement of the statutory election period. Here, however, the IRS retained McClelland's election form and continuously possessed that form during the statutory election period and thereafter.

---

6. *See* note 1 *supra.*

7. Pursuant to the grant of authority in the second sentence of § 1372(c), the Secretary of the Treasury promulgated Treas.Reg. § 1.1372–2(b) (1978), incorporating the two-month statutory election period. *See* note 2 *supra.*

8. The *Campbell* court cited the *Calhoun, Rowland, Feldman, Pestcoe,* and *Simons* cases discussed *supra* at 5. As already noted, those cases were concerned with Subchapter S elections filed *after* the expiration of the statutory election period for the taxable year designated on the election form.

The IRS received McClelland's election form with full awareness of its intended purpose, for the form shows on its face that the election "is to be effective for the taxable year beginning Jan. 1, 1968." As relevant here, the statute and regulations require only that an election for such taxable year "be filed" during the period extending from December 1, 1967 through January 31, 1968. Neither the statute nor the regulations defines what constitutes the *filing* of a Subchapter S election. However, in holding McClelland's election beyond December 1, 1967, the Government received precisely the same notice of McClelland's decision to be taxed under Subchapter S as if McClelland had delivered its election to the IRS on that date. In our view, the Government's possession of McClelland's election during the period in which the election was to "be filed" satisfied the filing requirement of section 1372(c) and the applicable regulation.

The words of regulations and "of statutes—including revenue acts—should be interpreted where possible in their ordinary, everyday senses." *Hanover Bank v. Commissioner*, 369 U.S. 672, 687, 82 S.Ct. 1080, 1089, 8 L.Ed.2d 187 (1962); *Crane v. Commissioner*, 331 U.S. 1, 6, 67 S.Ct. 1047, 91 L.Ed. 1301 (1947). Here, we decline to import into the word "filed" in section 1372(c) the strained and restricted meaning sought by the Government—*i.e.*, a document is filed only at the moment of its receipt. To hold that a Subchapter S election submitted to the IRS in the circumstances of this case was not properly filed would convert the statute and regulation here in question into a trap for the unwary taxpayer who in good faith seeks to ensure prompt filing of his election by placing it in the hands of the IRS at an early date.

Accordingly, we reverse the summary judgment for the Government and remand for further proceedings consistent with this opinion.