WESLEY A. OBER and DOROTHY M. OBER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WARREN G. ZANDELL and EMILY L. ZANDELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ober v. Commissioner
Docket Nos. 10971-77, 10972-77, 10973-77, 10974-77, 10975-77, 10976-77.
United States Tax Court
T.C. Memo 1980-513; 1980 Tax Ct. Memo LEXIS 76; 41 T.C.M. (CCH) 379; T.C.M. (RIA) 80513; November 19, 1980, Filed *76 Ps' attorney prepared and Ps timely executed elections and consents to have their corporation taxed as a small business corporation. However, such elections and consents were never received by the IRS. Held, Ps failed to meet their burden of proving that such elections and consents were ever filed with the IRS. Accordingly, Ps are not entitled to a deduction for the net operating losses incurred by their corporation. Donald K. Robertson, for the petitioners. *77 Timothy L. Nelson, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes as follows: Petitioner
Year
Deficiency
Wesley A. and Dorothy
1974
$13,532.30
M. Ober
Warren G. and Emily
1970
1,130.00
L. Zandell
1971
3,120.00
1972
102.00
1973
12,996.00
1974
8,862.00
Since the other issues raised in the notices of deficiency have been conceded by the petitioners, the sole issue for decision is whether a corporation timely filed an election under section 1372(c)(1) of the Internal Revenue Code of 1954[1] to be taxed as a small business corporation under the provisions of subchapter S so that the shareholders are entitled to deduct the net operating losses of such corporation. All of petitioners, Wesley A. and Dorothy M. Ober, husband and wife, resided in Portland, Ore., at the time they filed their petition in this case. The petitioners, Warren G. and Emily L. Zandell, husband and wife, resided in Gresham, *78 Ore., at the time they filed their petitions in this case. Mr. and Mrs. Ober filed their joint Federal income tax return for 1974, and Mr. and Mrs. Zandell filed their joint Federal income tax returns for 1970, 1971, 1972, 1973, and 1974, with the Internal Revenue Service Center, Ogden, Utah. Cape Blanco Estates, Inc. (Cape Blanco), was incorporated under the laws of Oregon on September 5, 1972, and began doing business on such date. On September 22, 1972, Mr. Ober and Mr. Zandell, the sole shareholders of Cape Blanco, executed a U.S. Treasury Department Form 2553, Election by Small Business Corporation (Form 2553). On April 24, 1973, Mr. Ober, Mr. Zandell, Donald K. Robertson, and Jerry A. Wills, the then-shareholders of Cape Blanco, executed a Form 2553. Both of such forms were caused to be prepared by Cape Blanco's attorney, Donald K. Robertson. Mr. Robertson did not personally mail or otherwise deliver or cause to be filed either of such Forms 2553 and has no actual knowledge of whether either or both of such forms were mailed, delivered, or filed. The function of handling mail in Mr. Robertson's office was delegated to his secretary. The office procedure was that all *79 documents prepared for mailing were to be routinely deposited on a daily basis in the U.S. Postal Service collection depository. Mr. Robertson has been unable to locate the secretary employed by him during the years 1972 through 1974. Neither Mr. Ober nor Mr. Zandell nor Mr. Wills caused to be mailed or delivered either of such forms, nor do they have personal knowledge of whether or not such forms were mailed or delivered. The Internal Revenue Service Center at Ogden, Utah, has custody and control of all copies of Forms 2553 filed by corporations located within the jurisdiction of the District Director of Internal Revenue, Portland, Ore. The Director of the Ogden Service Center verified that he has no record of a Form 2553 ever having been received or filed for Cape Blanco. A Form 2553 was not attached to any of the individual returns filed by Cape Blanco's shareholders. In 1975, the accountant who prepared Cape Blanco's Small Business Corporation Income Tax Returns (Form 1120-S) for 1972, 1973, and 1974 was asked to provide the Commissioner with a copy of Cape Blanco's Form 2553. The accountant never complied with such request. On their 1974 return, the Obers deducted *80 $43,628.86 as their pro rata share of Cape Blanco's net operating loss for its fiscal year ended March 31, 1974. On their 1973 return, the Zandells deducted $54,307.00 as their pro rata share of Cape Blanco's net operating loss for its fiscal year ended March 31, 1973; and on their 1974 return, they deducted $43,585.00 as their pro rata share of Cape Blanco's net operating loss for its fiscal year ended March 31, 1974. The Zandells carried their losses for 1973 and 1974 back to 1970, 1971, and 1972. In his notices of deficiency, the Commissioner determined that Cape Blanco did not file a timely election to be treated as a small business corporation and that the shareholders did not file timely consents to such an election; as a result, he disallowed the deductions claimed by the petitioners for the losses in 1973 and 1974 and for the carrybacks to 1970, 1971, and 1972. Under section 1374, each shareholder of an electing small business corporation is allowed to deduct, generally, his pro rata share of such corporation's net operating loss computed as provided in section 172. In order to qualify as an electing small business corporation, the corporation is required to file an *81 election, and the shareholders are required to consent thereto, in the time and manner required by section 1372 and the regulations thereunder. See sec. 1.1372-2, Income Tax Regs. Such an election is made by filing a Form 2553 with the Internal Revenue office with which the return of the electing small business corporation is filed. Sec. 1.1372-2(a), Income Tax Regs.
It is conceded by the parties that the Forms 2553 dated September 22, 1972, and April 24, 1973, were prepared and timely executed; the only question is whether they were ever filed with the IRS. The crux of the petitioners' argument is that since such forms were prepared and signed, we should presume, based on the established procedure in Mr. Robertson's office, that they were filed. The Commissioner points to his search of the Ogden Service Center records indicating that neither Form 2553 was ever filed and that neither the shareholders nor Mr. Robertson has personal knowledge of the mailing or delivery of such forms. The petitioners have the burden of proving that a timely election was filed. Rule 142(a), Tax Court Rules of Practice and Procedure; Poulter v. Commissioner, T.C. Memo. 1967-220, *82 affd. per curiam 397 F. 2d 415 (4th Cir. 1968); see also Pestcoe v. Commissioner, 40 T.C. 195, 198 (1963). The fact that the Commissioner has no record of the election having been filed is evidence that it was not filed, although such evidence is not conclusive. To overcome such evidence, the petitioners must produce some credible evidence that the form was in fact filed. See Mitchell Offset Plate Service, Inc. v. Commissioner, 53 T.C. 235 (1969), in which this Court found, after reviewing the testimony of an attorney, an accountant, and the sole shareholder, that a Form 2553 had been filed although the Commissioner could not locate it. Unlike the petitioner's evidence in Mitchell OffsetPlate Service, here the petitioners' evidence is based merely on a course of conduct that normally would have led to the mailing of the elections. They produced no tangible evidence of mailing, such as a receipt; nor did they even produce testimony as to the time, place, or manner of mailing the election. We are sorry that Mr. Robertson could not locate his secretary, the one person who might be able to shed light on what happened to the forms *83 after they were prepared and executed, but we cannot speculate or assume what her testimony would have been.See Victor Meat Co. v. Commissioner, 52 T.C. 929, 933 (1969); The Bay Co. v. Renegotiation Board, 38 T.C. 535, 547 (1962). On the record before us, we must find and hold that the elections executed on September 22, 1972, and April 24, 1973, were never filed. Decisions will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩