COLUMBIA STEAK HOUSE II, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Columbia Steak House II, Inc. v. Commissioner
Docket No. 8766-79.
United States Tax Court
T.C. Memo 1981-142; 1981 Tax Ct. Memo LEXIS 600; 41 T.C.M. (CCH) 1163; T.C.M. (RIA) 81142; March 26, 1981. Charles R. Hembree and Philip E. Wilson, for the petitioner. Aubrey C. Brown, for the respondent. EKMAN
MEMORANDUM FINDINGS OF FACT AND OPINION EKMAN, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year ended March 31, 1977, in the amount of $ 37,188.78 and an addition to tax for that year under section 6653(a) in the amount of $ 1,859.44. Petitioner having made certain concessions, the issues remaining for decision are: (1) Whether petitioner was an electing small *603 business corporation pursuant to Subchapter S for the taxable year ending March 31, 1977; (2) alternatively, if petitioner was not an electing small business corporation, whether petitioner is entitled to deduct as compensation amounts distributed to shareholders of petitioner; and (3) whether petitioner's underpayment of tax, if any, was due to negligence or intentional disregard of rules and regulations within the purview of section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner, a Kentucky corporation incorporated on March 10, 1976, has its principal place of business in Lexington, Kentucky. Petitioner filed a United States Small Business Corporation Income Tax Return, Form 1120-S, for the taxable period May 1, 1976 through March 31, 1977, with the Memphis Service Center office of the Internal Revenue Service. Petitioner maintained its books and records and filed that return according to the cash method of accounting. During the period relevant herein the outstanding capital stock of petitioner was owned by the following *604 siblings in the percentages stated: Frank Rhodus, 38 percent; Ralph Rhodus, 38 percent; F. Louise Rhodus, 14 percent; Ethel R. Columbia, 10 percent. Ethel R. Columbia and her late husband Ray Columbia operated a restaurant known as "Columbia's Steak House" in Lexington, Kentucky, from 1950 until Mr. Columbia's death in 1970. Subsequent to Mr. Columbia's death the ownership of that restaurant was transferred to and the restaurant was operated by a partnership consisting of Ethel R. Columbia, Frank Rhodus and F. Louise Rhodus. During 1974 the ownership of the restaurant was transferred to Columbia Steak House, Inc., a Kentucky corporation owned by the former partners. Columbia Steak House, Inc., operates as a Subchapter S corporation. During December 1975, Ralph Rhodus visited Lexington, Kentucky, and viewed the restaurant which was being successfully operated by Columbia Steak House, Inc. Based on his observations Ralph Rhodus agreed to consider resigning his position with his employer in order to form a new restaurant. At that time Ralph Rhodus was employed in Austin, Texas, by International Business Machines Corporation (hereinafter I.B.M.), which had been his employer for *605 approximately 19 years. Ralph Rhodus testified that his annual compensation from I.B.M. consisted of a salary in the amount of $ 25,000 and fringe benefits with an approximate value of $ 15,000. During February 1976 Frank and Ralph Rhodus selected an appropriate location for a new restaurant and Ralph Rhodus resigned his position with I.B.M. The organizational meeting of the Board of Directors of petitioner was held on March 11, 1976. At that meeting the directors authorized Frank Rhodus, president of petitioner, to execute or to have executed, an "Election by a Small Business Corporation" (Form 2553) on behalf of petitioner. Frank Rhodus contacted the accountant who had performed accounting services for both Frank Rhodus and Columbia Steak House, Inc., and who had been engaged in the accounting business since 1960 and asked the accountant to prepare the documents necessary to obtain Subchapter S status for petitioner. Petitioner acquired assets during March 1976, and on April 1, 1976, commenced operation of its restaurant business. During May 1976 the accountant informed Frank and Ralph Rhodus that an election of Subchapter S status had not been filed on behalf of petitioner *606 and suggested several alternative courses of action. The decision was made to adopt a taxable year beginning May 1, 1976, and file an election to be taxed as a Subchapter S corporation for that taxable year. On May 31, 1976, the petitioner filed its Election by a Small Business Corporation (Form 2553) with the Memphis Service Center of the Internal Revenue Service. That Form 2553, which was prepared by the accountant and signed by Frank Rhodus as president of petitioner and by the shareholders of petitioner, states that the date of incorporation of petitioner is May 1, 1976, and that the election is to be effective for the taxable year beginning May 1, 1976. By letter dated July 12, 1976, respondent acknowledged the receipt of petitioner's Form 2553 filed May 31, 1976, and stated in part as follows: We have examined your Election by Small Business Corporation, Form 2553, and the supporting shareholders' consents. The form is accepted, effective for the tax year beginning May 1, 1976, subject to verification if we should examine your return at a future date. Upon reading that letter the accountant informed Frank and Ralph Rhodus that the petitioner had a valid election to *607 be taxed as a Subchapter S corporation in effect for a taxable year beginning May 1, 1976. The accountant prepared petitioner's first Small Business Corporation Return, Form 1120-S, which states that it is for the taxable period beginning May 1, 1976 and ending March 31, 1977. The return, which reports net income in the amount of $ 107,454.75, includes all of petitioner's income and expenses from the date of its incorporation through March 31, 1977. Salaries in the respective amounts of $ 4,600 and $ 24,970 were paid to Frank and Ralph Rhodus during the period April 1, 1976 through March 31, 1977, and claimed by petitioner as deductions on the return. The minutes of a meeting of petitioner's board of directors dated January 19, 1977 disclose that the directors of petitioner were advised by petitioner's president that a partial distribution of profits was in order and state that the board of directors adopted a resolution to distribute payments to the following shareholders in the stated amounts: Frank Rhodus, $ 22,800; Ralph Rhodus, $ 22,800; F. Louise Rhodus, $ 8,400; and Ethel R. Columbia, $ 6,000. These payments, which are proportionate to the recipients' stock ownership *608 in petitioner, were made by non-payroll checks dated January 17, 1977, [1] which bear the notation "dist. of profits". The $ 22,800 payments to Ralph and Frank Rhodus were not treated as compensation in payroll records maintained by petitioner. Frank Rhodus did not receive a Form W-2 from petitioner concerning the payment to him in the amount of $ 22,800 and did not report that amount as salary on his individual income tax return. The $ 22,800 payment by eptitioner to Ralph Rhodus was treated by Ralph Rhodus and petitioner as a distribution of profits. OPINION The first issue is whether petitioner is entitled to be treated as a small business corporation, pursuant to sections 1371 through 1379, for the period May 1, 1976 through March 31, 1977. *609 Section 1372 permits a qualifying corporation to elect not to be subject to Federal income taxes if it files an election in a manner to be prescribed by regulations during the first month of any taxable year or at any time during the month preceding such first month. [2]The election of a small business corporation is to be made by filing a Form 2553 which contains the information required by that form and which is signed by a person authorized to sign the return of income required by section 6037 to be filed by an electing small business corporation. Section 1.1372-2(a), Income Tax Regs. The president of such corporation is a proper person to sign the return, see section 1.6037-1(a), Income Tax Regs., section 6062, and therefore is a proper person to sign the corporation's election under section 1372. *610 In the notice of deficiency issued to petitioner by respondent, respondent states in part that "It has been determined you failed to meet the requirements of Section 1372 in making your election." In his opening statement at the trial of this case respondent stated that the election filed by petitioner was invalid since the Form 2553 was not timely filed. On brief respondent continues to argue that the election was not timely. In addition, respondent argues on brief that the Form 2553 does not constitute a valid election inasmuch as it is not signed by a person authorized to sign the corporation's return. Specifically, respondent contends that the signature on the Form 2553 is not that of Frank Rhodus. Concerning respondent's argument that the Form 2553 was not signed by an authorized person, we note that this contention was raised for the first time on brief. There is no reference to this theory in the notice of deficiency or the pleadings. Issues raised for the first time by brief are not properly before us. Aero Rental v. Commissioner, 64 T.C. 331 (1975); Theatre Concessions, Inc. v. Commissioner, 29 T.C. 754 (1958). *611 Consequently, we do not consider this argument by respondent. Respondent contends that the Form 2553 filed by petitioner on May 31, 1976, does not constitute a valid election to be taxed as a small business corporation inasmuch as it was not filed within the period prescribed by section 1372. We agree. In support of its contention that the Form 2553 filed on May 31, 1976, constitutes petitioner's timely election to be taxed as a small business corporation for the period May 1, 1976 through March 31, 1977, petitioner argues that by filing a Form 2553 for a taxable year beginning May 1, 1976, and by filing a return for the taxable period May 1, 1976 through March 31, 1977, petitioner adopted a taxable year beginning May 1, 1976. Therefore, argues petitioner, the return effected a change in petitioner's accounting period which was accepted by respondent as evidenced by his letter acknowledging receipt of the Form 2553 and by his issuance of the notice of deficiency for the taxable year ending March 31, 1977. Petitioner thus concludes that its election was timely. We find this reasoning flawed. *612 While the advantages of Subchapter S are available at the option of the taxpayer, the statutes governing its election are both demanding and explicit, and strict compliance with their requirements is necessary. Frentz v. Commissioner, 44 T.C. 485 (1965); Pestcoe v. Commissioner, 40 T.C. 195 (1963). Section 1372(c) requires that the election be filed within the first month of a taxable year of the corporation and we do not have authority to extend the time limit Congress has set for making the election. Frentz v. Commissioner, supra;Pestcoe v. Commissioner, supra.
Section 1.1372-2(b), Income Tax Regs., provides that the first taxable year of a new corporation begins when the corporation has shareholders, acquires assets, or begins business, whichever is the first to occur. While the record is unclear as to when petitioner first had shareholders, it clearly discloses that petitioner acquired assets prior to April 1, 1976, and commenced operation of its restaurant business on April 1, 1976. *613 Respondent, in his notice of deficiency for the taxable year ended March 31, 1977, determined that petitioner's first taxable year commenced on April 1, 1976. Thus, in order for petitioner to have made a timely election for its first taxable year, the election must have been filed on or before April 30, 1976. Petitioner asserts that the return filed for the taxable year beginning May 1, 1976 and ending March 31, 1977, should be viewed as its return for two separate taxable years, the first ending April 30, 1976, and the second commencing May 1, 1976 and ending March 31, 1977. Petitioner does not argue that the Form 2553 filed May 31, 1976, was filed timely for its taxable year beginning April 1, 1976, but contends that its election was timely for the period beginning May 1, 1976 and ending March 31, 1977. Respondent determined that petitioner's first taxable year began April 1, 1976 and ended March 31, 1977 and petitioner has the burden of proving that determination erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure.
*614 Taxable income is computed on the basis of the taxpayer's taxable year. Section 441(a). The taxpayer's taxable year means either; (1) the taxpayer's annual accounting period if it is a calendar year or a fiscal year; or (2) the calendar year if the taxpayer keeps no books and either does not have an annual accounting period or, if the taxpayer does have an annual accounting period, such period does not qualify as a fiscal year; or (3) the period for which the return is made if a return is made for a period of less than 12 months. Section 441(b). A new corporation may select an initial taxable year of less than 12 months. Section 443. In order for a new corporation to adopt a taxable year which is not a calendar year, such corporation must, on or before the time prescribed for the filing of its return for such taxable year, adopt an annual accounting period on which it regularly computes its income in keeping its books. Section 1.441-1, Income Tax Regs.
Petitioner has failed to present evidence that it adopted an accounting period ending April 30, 1976 [3] *615 and therefore has failed to carry its burden of proving that it adopted a taxable year ending April 30, 1976. Even if we were to find that petitioner adopted an initial taxable year ending April 30, 1976, we would nonetheless be constrained to hold that petitioner did not adopt a second taxable year beginning May 1, 1976 and ending March 31, 1977. Although a new corporation may select an initial taxable year of less than 12 months as discussed above, the taxpayer may file a return for a subsequent taxable year of less than 12 months only if prior approval by the secretary of a change in his annual *616 accounting period is obtained. Section 443(a)(1), section 1.442-1(a), Income Tax Regs. In order to obtain such prior approval the taxpayer must file a Form 1128 with respondent. Section 1.442-1(b), Income Tax Regs. An exception to the prior approval requirement is provided for certain corporations under section 1.442-1(c), Income Tax Regs., but that exception is specifically denied to a corporation which is an electing small business corporation during the short period required to effect the change of annual accounting period. Section 1.442-1(c)(4), Income Tax Regs.
Petitioner has made an eloquent and imaginative appeal for relief from the effect of its failure to bring itself within the purview of Subchapter S. However, on the facts presented we hold that petitioner's election to be taxed as a small business corporation, filed on May 31, 1976, was not timely. Since we have found that petitioner's election to be taxed as a small business corporation is invalid, we must consider its alternative argument: Whether petitioner is entitled to deduct as additional compensation *617 amounts distributed to Frank and Ralph Rhodus. During the period April 1, 1976 through March 31, 1977, salary payments, the deductibility of which is not in dispute, of $ 4,600 to Frank Rhodus and $ 24,970 to Ralph Rhodus were made by petitioner. On January 17, 1977, petitioner issued checks to Frank Rhodus in the amount of $ 22,800 and to Ralph Rhodus in a like amount. Petitioner contends that part of those payments is deductible as compensation. Petitioner argues that the amounts paid to Frank and Ralph Rhodus as salary constitute inadequate compensation for the services which they rendered to petitioner. It states that the directors of petitioner assumed that a valid election to be taxed as a small business corporation was in effect and that the additional amounts needed to compensate Frank and Ralph Rhodus adequately would be received by them in the form of a distribution of profits by the corporation. Petitioner requests on brief that we find that, of the amounts distributed on January 17, 1977, $ 20,400 was paid to Frank Rhodus and $ 15,030 was paid to Ralph Rhodus as compensation for services. Petitioner contends that the compensation Ralph Rhodus received prior to *618 leaving his employment with I.B.M. supports its argument. The record is clear that the services of Frank and Ralph Rhodus were valuable to petitioner. It may also be that those individuals were inadequately compensated for their services.However, only those payments which are made with the intent to compensate are deductible as compensation. Paula Construction Co. v. Commissioner, 58 T.C. 1055, 1058 (1972); Electric and Neon, Inc. v. Commissioner, 56 T.C. 1324, 1340 (1971). Whether such intent existed at the time the payments were made is a factual question to be decided on the basis of the evidence presented. Paula Construction Co. v. Commissioner, supra; Electric and Neon, Inc. v. Commissioner, supra; Bramlette Building corp. v. Commissioner, 52 T.C. 200 (1969), affd. 424 F.2d 751 (5th Cir. 1970). It is clear from the evidence presented that the payments made on January 17, 1977, to Ralph and Frank Rhodus were intended to be distributions of the profits of petitioner, *619 and that they were viewed as such by the directors of petitioner and by the recipient shareholders. In view of our holding that petitioner's election to be taxed as a small business corporation was invalid, it would have been advantageous for petitioner to have paid larger salaries to Ralph and Frank Rhodus. However, these considerations do not alter the intent of the parties at the time the distributions were made. While we may sympathize with petitioner's dismay at the invalidity of its election, we cannot by way of consolation make a finding unsupported by the record. Inasmuch as the payments were intended to be distributions of the profits of petitioner we hold that no part of those payments is deductible by petitioner as compensation for services. Paula Construction Co. v. Commissioner, supra.
The final issue is whether petitioner is liable for an addition to tax pursuant to section 6653(a) for negligence or intentional disregard of rules and regulations. At the trial of this case respondent's motion for leave to file an amendment to his answer was granted and respondent amended his answer to claim an increased deficiency under section 6653(a). Respondent *620 has the burden of proof as to this issue. Rule 142(a), Tax Court Rules of Practice and Procedure.
Section 6653(a) provides that if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations an addition in the amount of 5 percent of the underpayment shall be added to the tax. Respondent contends that petitioner was negligent in filing its Form 2553 and its return for the taxable period beginning May 1, 1976 and ending March 31, 1977. Respondent points out that both the Form 2553 and the return contain misleading and erroneous statements. Although he acknowledges that the Form 2553 and the return were prepared by petitioner's accountant respondent argues that a review of either document by any businessman would result in the discovery of the errors. While respondent does not appear to contend that petitioner's president, Frank Rhodus, intentionally participated in the submission of the erroneous information, [4] he asserts that petitioner may not be insulated from its responsibility for filing an accurate return by placing reliance on its *621 accountant. We disagree. The general rule is that the duty of filing accurate returns cannot be avoided by placing responsibility on an agent. Pritchett v. Commissioner, 63 T.C. 149 (1974); Enoch v. Commissioner, 57 T.C. 781 (1972). As with most general rules, however, this rule is subject to exceptions. Where warranted, reliance on the advice of an expert suffices to avoid the negligence penalty. Industrial Valley Bank & Trust Co. v. Commissioner, 66 T.C. 272, 283 (1976); Conlorez Corp. v. Commissioner, 51 T.C. 467, 475 (1968). *622 Petitioner's accountant has been engaged in the practice of accounting since 1960. In years prior to that before us the accountant performed accounting services for Columbia Steak House, Inc., which has been taxed as a small business corporation since its incorporation, and for Frank Rhodus individually. No evidence was presented that the accountant had performed less than adequately with regard to those accounting services or that petitioner's directors had reason to doubt his capabilities. The directors and officers of petitioner, who were unsophisticated in taxation, furnished the accountant with all of the information necessary to prepare an effective Form 2553 and an accurate return. The accountant prepared the Form 2553 for petitioner and, apparently in reliance on the letter from respondent concerning petitioner's election, informed Frank and Ralph Rhodus that petitioner had a valid election to be taxed as a small business corporation in effect for a taxable year beginning May 1, 1976. Based on the assumption that the election was valid, petitioner filed its return as a small business corporation. The return fully discloses the receipts and expenditures of petitioner *623 from its incorporation through March 31, 1977. Petitioner properly relied on the advice it received from the accountant. While erroneous information was contained on both the Form 2553 and the return, we do not find that the mere submission of those erroneous documents constitutes negligence or intentional disregard of rules and regulations sufficient to sustain the penalty under section 6653(a). Respondent has failed to satisfy his burden of proof and consequently, we hold for petitioner on this issue. Decision will be entered under Rule 155. Footnotes
1. The record is unclear as to why the checks were issued on January 17, 1977, while the board of directors meeting at which the distribution of profits was authorized was held on January 19, 1977. Nevertheless, we assume, and the parties apparently agree, that the checks were issued under the authority of the resolution adopted by the directors at the January 19, 1977 meeting.↩
2. Sec. 1372, as in effect during the period in question read in pertinent part as follows: SEC. 1372. ELECTION BY SMALL BUSINESS CORPORATION. (a) Eligibility.--Except as provided in subsection (f), any small business corporation may elect, in accordance with the provisions of this section, not to be subject to the taxes imposed by this chapter. Such election shall be valid only if all persons who are shareholders in such corporation-- (1) on the first day of the first taxable year for which such election is effective, if such election is made on or before such first day, or (2) on the day on which the election is made, if the election is made after such first day, consent to such election. (b) Effect.--If a small business corporation makes an election under subsection (a), then-- (1) with respect to the taxable years of the corporation for which such election is in effect, such corporation shall not be subject to the taxes imposed by this chapter (other than the tax imposed by section 1378) and, with respect to such taxable years and all succeeding taxable years, the provisions of section 1377 shall apply to such corporation, and (2) with respect to the taxable years of a shareholder of such corporation in which or with which the taxable years of the corporation for which such election is in effect end, the provisions of sections 1373, 1374, and 1375 shall apply to such shareholder, and with respect to such taxable years and all succeeding taxable years, the provisions of section 1376 shall apply to such shareholder. (c) Where and How Made.--(1) In general.--An election under subsection (a) may be made by a small business corporation for any taxable year at any time during the first month of such taxable year, or at any time during the month proceding such first month. Such election shall be made in such manner as the Secretary or his delegate shall prescribe by regulations. (d) Years for Which Effective.--An election under subsection (a) shall be effective for the taxable year of the corporation for which it is made and for all succeeding taxable years of the corporation, unless it is terminated, with respect to any such taxable year, under subsection (e). Section 1372 was amended by the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, which amendment, in part, modifies the period during which an effective election by a Small Business Corporation may be made. See sec. 1372(c)↩.
3. In fact, the inference may be drawn from the evidence presented that petitioner adopted an annual accounting period ending March 31. On its return for the period beginning May 1, 1976 and ending March 31, 1977, petitioner reported cash disbursements for the period March 15, 1976 through March 31, 1977, and reported cash receipts for the period April 1, 1976 through March 31, 1977. Petitioner filed its next tax return for the period beginning April 1, 1977 and ending March 31, 1978.↩
4. At the hearing on respondent's motion to amend his answer, respondent indicated that he would argue that Frank Rhodus intentionally participated in submitting the erroneous information contained on petitioner's Form 2553 and its return. However, respondent made no such argument during trial or on brief, and accordingly we find he has abandoned that argument. In any event, we find no evidence that Frank Rhodus did intentionally participate in the submission of the erroneous information.↩